GEORGE D. PERRY v. CATHRYN REICHERT, *et al.,* Administrators.

151 So. 403.

Division B.

Opinion Filed December 5, 1933.

G. P. *Garrett,* for Plaintiff in Error;
*Johnson, Bosarge & Allen,* for Defendant in Error.

BUFORD, J.—This case is before us to review judgment for the defendant entered upon the demurrer being overruled to a plea invoking the statute of limitations.

The declaration in effect alleges that on the 4th day of January, 1932, one John Reichert, a citizen of Wisconsin, died intestate in that State, being at the time of his death

indebted to plaintiff in the sum of $1,082.39 as principal, plus interest from the 18th day of May, 1928, at 8 per cent, for labor and material furnished by the plaintiff to John Reichert in his lifetime in and about certain citrus grove properties belonging to John Reichert in his lifetime in Polk County, Florida.

An itemized bill of particulars is attached to the declaration and made a part thereof.

The declaration alleges further in effect that after the death of Reichert the defendant in this suit, the Sheriff of Polk County, Florida, was on November 13, 1932, appointed as Administrator *Ex Officio* of the estate of John Reichert, deceased; that John Reichert left at the time of his death certain lands and tenements situated in Polk County, Florida; that he was then indebted to plaintiff in said county and no administration had been taken out of the estate of John Reichert prior to the appointment of the sheriff as administrator. That the plaintiff filed a sworn claim with the County Judge of Polk County claiming as against the said estate of John Reichert, deceased, and the assets of the deceased in the hands of the defendant sheriff as *ex officio* administrator of said estate, the amount of said indebtedness due to the plaintiff by John Reichert at the time of his death.

The bill of particulars attached to the declaration is an itemized statement apparently for work done and for fertilizer furnished. The first day appearing on the account appearing as the bill of particulars is June 1, 1927, the item being: "To watering trees, $3.00." The last items are dated May 9, 1928, and these are "to spraying with lime sulphur, $30.00; lime sulphur solution, $14.25; hauling water, $12.00."

After the institution of suit a stipulation was entered into by attorneys of record, as follows:

"It is hereby sitpulated that all the papers, files and proceedings, including process, in the above case, shall be and they are hereby amended so as to substitute in place and stead of 'J. A. Johnson as Sheriff of Polk County, Florida, and *ex officio* administrator of the estate of John Reichert, deceased,' the following, viz: 'Cathryn Reichert and Hubert Reichert, as the duly qualified and ancillary administrators of the estate of John Reichert, deceased,' as defendants.

"It is further stipulated that the defendants shall file defense pleadings in this cause on or before the February Rules, A. D. 1933.

"This the 31st day of January, A. D. 1933."

The second and fourth pleas of the defendants were as follows:

"2nd. That the alleged cause of action did not accrue within three years before this suit.

"4th. That from Exhibit I attached to plaintiff's declaration and made a part thereof it appears that the last entry on itemized account was on the 11th day of May, 1928; that said date is more than three years prior to the institution of said suit and for that reason barred by the Statute of Limitations applicable to suits on open account."

Demurrer was filed to these pleas and was overruled.

The record shows that the plaintiff declined to further amend his declaration and admitted the truth of the second and fourth pleas.

The record shows that, "Thereupon both plaintiff and defendant submitted the cause to the court for final judgment based on the declaration and the second and fourth pleas,

the truth of which pleas the plaintiff admitted, waiving a jury and submitting the cause without evidence."

Thereupon the court entered judgment in favor of the defendant.

The only question before us for determination is whether or not the cause of action falls within sub-section 5 of Section 2939, R. G. S., 4663 C. G. L. We hold that it does. Plaintiff in error contends that the cause of action should be held to fall within the purview of sub-section 4 of Section 2939, R. G. S., 4663 C. G. L., or else that it is controlled by Section 3747, R. G. S., 5620 C. G. L.

As we construe the latter section, it is not intended to supersede the provisions of Section 2939, R. G. S., 4663 C. G. L., but its only purpose is to protect the estates of decedents from the enforcement of claims of over-long standing. Under the latter section, items appearing in an account bearing date of more than five years prior to the death of the decedent are required to be expunged from the account, although the account had been kept in such condition as to prevent the running of the Statute of Limitations, either by payments on account or by the account otherwise being kept alive and active up to the time of the death of the decedent.

In this case the plaintiff declared "for labor and materials furnished by the plaintiff to the said John Reichert in his lifetime," and he attaches to and makes a part of his declaration a bill of particulars showing labor and materials furnished at various and many dates between June 1st, 1927, and May 9th, 1928.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.