MATHEWS, Justice.
This appeal is prosecuted under and by virtue of the provisions of the Florida Workmen’s Compensation law from a final judgment of the Circuit Court of Okaloosa County, which reversed an order of the, Full Commission dated the 8th day of January, 1951, which reads as follows:
“This case' came on for review by the Full Commission upon petition of the claimant, by and through his' attorney, Mr. Jesse Warren, Tallahassee, Florida.
“This case has received the attention of several Deputy Commissioners and the Full Commission. The last Order being that by Deputy Commissioner Rodney Durránce,- filed in the office of the Commission on August 30, 1948, from which no appeal was taken; The claim is, therefore, barred by the stat-' ute of limitations as provided by the Workmen’s Compensation Act.
“It is the Order of the Full Commission that the petition of the claimant be and the same is hereby denied.”
There is only one question involved in this case and that is: Is the time fixed for taking an appeal under the Florida Workmen’s Compensation Act extended or rendered inapplicable by reason of adjudication that the employee is incompetent when no legal guardian has been appointed to represent him?
I-n reversing the Full Commission the Circuit Judge found:
“Neither the petition or the date of its filing appears in the record but the fact that it was entertained by the commission, referred to a deputy commissioner who had had no previous connection with the case and who denied the carrier’s motion to dismiss indicates clearly that it was timely filed or that the statute of limitations was not applicable on account of claimant’s mental state and that it was considered as possessing merit.”
It is the contention of the appellants that in the absence of a Saving Clause, the Statute of Limitations runs against all persons whether under disability or not.
In considering this question and in order to understand this case, it is necessary to review briefly many steps taken in the case which' culminated in the final order of the Commission from which an appeal was prosecuted to the Circuit Court of Okaloosa County.
The employee sustained an injury on July 8, 1945, and on August 22, 1945, filed a claim for compensation, having first elected to take compensation benefits on August 11, 1945. The claimant was adjudicated insane on the 16th day of November, 1945, but no guardian or other person was appointed to represent him. Thereafter various hearings were had which resulted in an award dated June 5, 1947, arid filed with the Commission June 7, 1947. The employer had paid $24.57 and the award denied claimant any further compensation-under the Act. In accordance with Section 440.25(4) F.S.A. the employee, within the time allowed, filed an application for review by the Full Commission which was heard by the Commission and on the 11th day of August,-1947, an order of affirmance was entered by the Full Commission in which it was recited that the application for review was filed on June 7, 1947.
On the 11th day of January, 1951, there was filed at Tallahassee an order of the Full Commission hereinabove quoted (which mentioned the order of the Deputy Commissioner which had been filed on the 30th day of August, 1948, from which no-appeal had been prosecuted) wherein the Full Commission denied the claim of the employee for modification on the ground that the sarne was barred by the Statute of Limitations.
The first order made by the Full Commission affirming the Deputy Commissioner which was filed August 14, 1947, was an appealable order and unless appealed within 20 days, such order became final. Section 440.25(4) and Section 440.27(3) F.S.A. No appeal was perfected to the Circuit Court by the employee within the 20-day *64 period. It, therefore:, became final twenty days from August 14th, 1947.
Section 440.28, F.S.A.' gives to the employee an additional or alternate remedy under certain conditions, notwithstanding no appeal was taken to the: Circuit Court. This Section provides for the modification of an award when no appeal has been taken in the event there has been á change in condition of the claimant or a mistake in the determination of fact. Under the section of law in questipn the. employee had one year from the 14th .day of August, 1947, to ask for a modification .of the award denying his claim, It is .true that the record does not contain the application for, modification or show the date thereof, but. the record does disclose in -the .order of the Deputy Commissioner that a petition had been filed, considered and'ruled upon,, which order was filed on the 30th day of August, 1948. The employee had a right to, file-an application for review by the Full Commission of the above mentioned order within 7, days from the date it was filed. He failed to do so and this order became final on September 6,1948.
It appears from an order ■ of the Full Commission dated January 8, 1951, and filed January 11, 1951, that no appeal was taken from the order of the Deputy Commissioner filed the 30th day of August, 1948, but that there had been filed with' the Full Commission a petition by the employee to review the matter and the said petition was denied by the Full Commission because it was “barred by the Statute of Limitations.”
No citation of authority is necessary for the establishment of the principle that when an order and award or final judgment has been made, as appears to have been made in this case, and there are recitals of a fact that a petition has been filed or a claim has been filed, in the absence of anything to the contrary, such recitals are taken and considered to be true and correct.
Section 440.19(1) F.S.A. fixes the time within which a claim shall be filed, and is as follows:
“(1) The right to compensation for disability under this chapter shall be barred ¡unless a claim therefor is filed within one year after the time of in-, jury, and the right to compensation for death shall be barred- unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may, be filed within one .year after the date of the last payment. Such .claim shall be filed with the commission.” (Emphasis supplied.) , Section 440.19(3) F.S.A. is as follows:
“(3) If a-person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subsection {!) shall not ■be-applicable so long as. such person has no guardian or other authorized representative, but shall be applicable in the case of a person whp is mentally incompetent or.a minor from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before he becomes of age, from the date he becomes of age.” (Emphasis supplied.)
In this case it is not disputed that the claimant filed a claim or asserted that compensation was denied to him because he did not file a claim. The record shows that he did file a claim and an election to accept compensation under the Act long prior to the time when there was an adjudication of insanity. The claimant now contends that even though a claim had been filed as provided for by the law, the provisions of the law with reference to time for review by the Full Commission or by appeal are riot binding upon him because he was adjudicated mentally incompetent after his claim was filed. In the orders of the Industrial Commission it is shown that the claim was filed by the employee and the Commission did not rule against him because he had failed to file a claim. As a matter of fact the petition for review of the first order of the Deputy Commissioner filed with the Commission on the 7th day of June, 1947 was regular and in time. The order of the Full Commission filed on the 14th day of August, 1947 was a simple affirmance of the *65 order of the Deputy Commissioner on the merits of the claim. The order from which this appeal is prosecuted is not based upon any contention that the employee did not file a claim. The order from which the appeal is prosecuted is based upon the fact that no appeal was prosecuted from the order of the Deputy Commissioner dated August 30, 1948, and that any such appeal was barred by the Statute of Limitations and that the petition then under consideration by the Commission was barred by the Statute of Limitations.
It is the contention of the appellants that the Statute of Limitations runs against all persons whether under disabilities or not because there is no saving clause in the Statute with reference to the time of filing appeals or petitions for review or for modification. See Gillespie v. Florida Mortgage & Investment Co., 96 Fla. 35, 117 So. 708.
In the case of Dobbs v. Sea Isle Hotel, Fla., 56 So.2d 341, 342, this Court said:
“We have oft-times held that the rule ‘Expressio unius est exclusio al-terius’ is applicable in connection with statutory construction. This maxim, which translated from the Latin means: express mention of one thing is the exclusion of another, is definitely controlling in this case. The legislature made one exception to the precise language of the statute of limitations. We apprehend that had the legislature intended to establish other exceptions it would have done so clearly and unequivocally. We must assume that it thoroughly considered and purposely preempted the field of exceptions to, and possible reasons for tolling, the statute. We cannot write into the law any other exception, nor can we create by judicial fiat a reason, or reasons, for tolling the statute since the legislature dealt with such topic and thereby foreclosed judicial enlargement thereof.”
See also Smith v. Barnett Nat. Bank of Jacksonville, 116 Fla. 454, 156 So. 478.
In this case the employee was not incompetent when he filed his claim. In the case of Clarke v. Knight, 84 Fla. 468, 94 So. 665, 670, a proceeding had been instituted by a person who was competent at the time but who later became incompetent. In that case this Court said:
“There was no guardian of the complainant when the suit was brought, nor had she been adjudged to be insane. The statute quoted therefore does not apply. The purpose of the statute was not to abridge an equity rule, nor to take from a court of equity the power to guard the rights and protect the interests of persons of unsound mind. So that the subsequent adjudication of Mrs. Clarke to be an insane person and the appointment of a guardian for her did not operate as a dismissal of the suit nor take away the court’s power under the case.presented to determine whether the cause contained any equity upon which to base the relief prayed for.”
On the claim filed, the Deputy Commissioner made a finding of fact against the employee and made an award in accordance with such finding. This order of the Deputy Commissioner was reviewed by the Full Commission which affirmed the Deputy Commissioner. There was more than substantial evidence to sustain the findings of fact of the Deputy Commissioner. There was no appeal from this final order of the Full Commission. There is no Saving Clause with reference to appeals, petitions for review or modification in the Statute and, therefore, the order of the Full Commission from which the appeal to the Circuit Court was prosecuted was correct.
The order of the Circuit Judge reversing the order of the Industrial 'Commission is reversed, with directions to‘dismiss the appeal.
SEBRING, C. J., and ROBERTS, J., and FABISINSKI, Associate Justice, concur.