Leona DINWIDDIE, Appellant,

v.

R. J. BROWN et al., Appellees.

Anne Elizabeth ROARK, Appellant,

v.

Gordon T. WEST et al., Appellees.

No. 15790.

United States Court of Appeals
Fifth Circuit.

March 7, 1956.

Rehearing Denied April 3, 1956.

I. H. Spears, Pasadena, Cal., for appellants.

Milburn E. Nutt, Guy Rogers, Clyde Fillmore, Jack G. Banner, Elmer H. Parish, H. W. Fillmore, Wichita Falls, Tex., for appellees.

Before BORAH, TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

The sole question presented by these appeals is whether the complaint in either of the two actions involved here states a claim within the jurisdiction of a federal court, in the absence of diversity of citizenship. Although the cases are

in most respects different from one another, they were both brought for alleged violations of the civil rights statutes,[1] and were dismissed on identical grounds: for a failure to state the allegation material to the theory of recovery in each case, that the defendants "entered into a conspiracy to rob, cheat, defraud or deny to the plaintiff any right secured to her by the Constitution and laws of the United States or that the Plaintiff was denied due process of law or the equal protection of the laws cognizable under the Constitution and laws of the United States and under the Civil Rights Acts."

The complaint in the Dinwiddie case alleged that the plaintiff and her son in July, 1945 bought certain described property in Wichita Falls, Texas, and occupied the same as their homestead; that the defendants unlawfully conspired to defraud plaintiff of her rights as a citizen, in violation of the civil rights acts and of the Fifth and Fourteenth Amendments of the Constitution; and that while she was lawfully seized of her property, the defendants, acting under color of state law, unlawfully entered upon the land and unlawfully ejected the plaintiff therefrom. Count II alleged generally that the defendants, while acting under color of state law, unlawfully conspired to defraud the plaintiff of her rights as guaranteed by the Fifth and Fourteenth Amendments of the Constitution and the civil rights acts.

Two[2] of the seven defendants named in the complaint did not file any pleading in opposition thereto. Defendant Crowell filed exceptions to the complaint. Defendants Brown and Johnson filed individual answers and also individual motions to dismiss for lack of jurisdiction and for failure to state a claim upon

which relief could be granted. Defendants Bailey and Elder made similar motions. Each of the motions to dismiss was supported by affidavits and exhibits attached thereto. The plaintiff then submitted her own "Affidavit Against Motion to Dismiss and Summary Judgment" and the district court, considering both the pleadings and the affidavits and exhibits filed in support thereof, granted a motion to dismiss as to all the named defendants, for failure to state a claim upon which relief could be granted.

■ It is clear that although the order of dismissal stated that it was granted on a motion to dismiss for failure to state a claim upon which relief could be granted, the district court's failure to exclude affidavits and exhibits offered in support of the motion converted it into a motion for summary judgment.[3]

The plaintiff's affidavit, in material part, averred that the state of Texas has laws segregating white and Negro citizens and that white supremacy is the policy of the state; that as a result of such policy, "a Negro's word is considered as naught as against a white citizen's word"; and that "[t]he total result of this policy and practice [is that] a Negro, and this plaintiff is a Negro, cannot and does not obtain the equal rights, privileges and immunities as white citizens guaranteed citizens of the United States by the Act of Congress and the Constitution of the United States, but are denied same with impunity, and the rights of Negro citizens are wholly ignored."

The defendants' affidavits and exhibits stated, in brief, that the plaintiff and the defendant Brown were in dispute over the title to the property described in the complaint, and that Brown brought a trespass to try title suit in state court

---

1. 42 U.S.C.A. §§ 1981–1983 and 1985(3) are the applicable sections, according to the complaints.

2. J. C. Berville and Grady Harrist.

3. Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides, in part: "If, on a motion asserting the defense numbered (6) to dismiss for fail-

ure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

against the plaintiff, who appeared and contested Brown's claim; that judgment was entered for Brown; that service of process in the state suit was made through the office of the sheriff of Wichita County, Bailey, and the writ of possession issued after final judgment was executed by a deputy of constable Elder. After obtaining possession, Brown sold the property to Johnson. It is not shown what connection, if any, the defendants Crowell, Berville, and Harrist had with the state action, or with this case.

Complainant Roark instituted her action about a month after the commencement of the Dinwiddie case. She alleged that she was seized of described property in Wichita Falls, as a residential and business homestead, when the defendants, acting under color of state law, unlawfully entered upon her land and unlawfully ejected her therefrom; that the defendants conspired to defraud her of her rights as a citizen, while acting under color of state law, and effectuated such conspiracy by the defendant West's taking "fictitious" deeds of trust on her property for large sums of money never in fact advanced to the plaintiff, the defendants well knowing the same to be void as to plaintiff's homestead; that the defendants robbed, cheated, and defrauded the plaintiff of large sums of money; and that Texas has segregation laws, which make it impossible for the plaintiff, a Negro, to have equal rights as a citizen. Count II in essence repeated the same allegations, particularly with regard to segregation, concluding, "because of this segregation and discrimination policy of the state of Texas, and these defendants, the defendants have violated the plaintiff's civil rights," to her damage in the sum of $250,000. Count III alleged that the plaintiff and West entered into an oral agreement whereby he was to take over her property and liquidate the debts against it for their mutual benefit, but that he later changed his mind and conspired with the other defendants to defraud her of her constitutional rights.

Defendants West and Rogers filed a joint answer, and defendant Castledine a separate answer, to the complaint. In addition, these defendants filed several motions, supported by affidavits and exhibits, among which was a motion to dismiss for failure to state a claim upon which relief could be granted and a motion for summary judgment. Defendants Johnson, Elder, and Watkins moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. In reply thereto, the plaintiff filed her "Affidavit Against Summary Judgment." After a hearing, the court entered an order of dismissal as to all defendants on the ground that the complaint failed to state a claim upon which relief could be granted.

■ Since a motion for summary judgment had been made, the court could not, of course, exclude affidavits filed in support of and in opposition to the motion. Rule 56(b), F.R.C.P. Nor was the motion to dismiss for failure to state a claim upon which relief could be granted thereby waived or converted into a second motion for summary judgment. It could be considered by the court without reference to the affidavits and exhibits, and if granted on the complaint standing alone, we must review the question from the same point of view. Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242. The form of the order would not be decisive. Lane Bryant, Inc., v. Maternity Lane, Ltd., 9 Cir., 173 F.2d 559. Nevertheless, it is clear from the terms of the order, quoted above, that the court dismissed the complaint in this case because on its face it failed to state a claim upon which relief could be granted.

■ The language of both orders of dismissal likewise indicates that in granting the defendants' motions to dismiss in these cases, the district court did so not upon the ground that no cause of action was set out in the complaints and in Dinwiddie's accompanying affidavit, but upon the ground that no federal cause of action was stated therein. There being no diversity, our review of

the orders of dismissal must follow the same course.

■ In this regard, it is irrelevant whether an action of trespass to land is set out, or a fraudulent mortgage foreclosure alleged, unless the trespass or fraud amounted to a purposeful and unlawful discrimination against these plaintiffs because of their race by persons acting under color of state law. The fact that the effect of the obtaining of a fraudulent foreclosure is to deny a plaintiff the equal protection of the laws does not present a federal question. Campo v. Niemeyer, 7 Cir., 182 F.2d 115. It is likewise clear that if in connection with a defendant's scheme to defraud by the use of a false deed of trust, state officers acting within the scope of their authority issue process or levy execution, the nature of the cause of action is in no way altered.

■ This is not to deny that if state officers conspire with private individuals in such a way as to defeat or prejudice a litigant's rights in state court, that would amount to a denial of equal protection of the laws by persons acting under color of state law.[4] It is another matter, however, where they act wholly within their official responsibilities and do not intentionally cooperate in any fraudulent scheme. In such a case, the tort is solely that of the private individuals, and redress of the wrong rests with the state courts. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253.

■ Here the only defendants who acted under color of state law were the state officers who issued process and levied execution in the Dinwiddie case, and we may presume for the sake of argument, did the same in the Roark case. Although both complaints alleged generally that all the defendants conspired to deprive the respective plaintiffs of the equal protection of the laws, there is no allegation that the state officers named therein acted to the plaintiffs' damage in any manner other than in the ordinary performance of their duties. Merely characterizing their conduct as conspiratorial or unlawful does not set out allegations upon which relief can be granted. Snowden v. Hughes, 321 U.S. 1, 8, 64 S. Ct. 397, 88 L.Ed. 497; McGuire v. Todd, 5 Cir., 198 F.2d 60; Morgan v. Sylvester, D.C.S.D.N.Y., 125 F.Supp. 380.

■ Stripping the complaints of this verbiage, there is left, at most, only the allegation of the obtaining of a fraudulent judgment by private individuals, and the completely extraneous allegation that Texas' segregation laws operate to deprive these plaintiffs of their constitutional rights. The two real property actions in question here had no connection with the enforcement of such laws. Likewise the allegation that as a result of these laws an attitude of white supremacy is fostered, tending to degrade the Negro and make his oath worthless in state court, is totally beside the point because there is no allegation that any Negroes testified in the state actions, on either side, or even that these plaintiffs were in any way prejudiced in these particular actions because of their race. Rather, the allegations appear to have been inserted in each complaint merely to give a state cause of action the appearance of a suit under the civil rights acts. The circumstance that the parties were of different races could not, of course, operate to convert these torts into federal causes of action.

The judgments are

Affirmed.

---

4. We do not reach the question whether, before one is entitled to relief in the federal courts under the civil rights acts, he must allege an exhaustion of state remedies. See Cobb v. City of Malden, 1 Cir., 202 F.2d 701; Cooper v. Hutchinson, 3 Cir., 184 F.2d 119.