**Anne Elizabeth ROARK, Appellant,**

v.

**Gordon T. WEST, and Clyde Elder, Constable, Precinct No. 1, Wichita County, Texas, Appellees.**

**No. 16848.**

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1958.

Rehearing Denied March 12, 1958.

Isiah H. Spears, Pasadena, Cal., for appellant.

Guy Rogers, Rogers, Eggers & Sherrill, Wichita Falls, Tex., for appellees.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and HANNAY, District Judge.

PER CURIAM.

This is the second appearance of the parties in this Court, and we are informed by appellees that there is yet another case already on appeal involving the same parties and the same basic dispute.

The complaint filed by appellant, a Negro woman resident of Texas, in the district court, alleges a breach of trust by the defendant West, as a result of which, she alleges, he obtained a fiduciary relationship under which she caused him to act for her in respect to her homestead; that he collected rents from the property that he was to account for, but for which he has not accounted; that he illegally brought about a transfer of title of the property under a foreclosure sale; that the other defendant, Elder, was a constable who performed the acts of putting West into possession; that this act by Elder was state action; that this action constituted a breach of trust by West and a violation of appellant's civil rights by Elder.

Without alleging any further facts, the complaint made the charge that defendants thus conspired to, and did, deprive appellant of her constitutional rights, and specifically charged a violation of Section 2 (sic), IVth Amendment, Vth Amendment, and the XIVth Amendment of the Constitution of the United States, and of 42 U.S.C.A. §§ 1981, 1982, 1983 and 1985.

Both in appellant's brief and on oral argument, appellant asserts that this is not a suit under the civil rights act of Congress, but that it is a suit by appellant to recover from defendant "ill-gotten gains, the result of the violation of fiduciary relationship, confidence and trust." To be sure the complaint does allege that the acts of defendants in defrauding her of her property violate her constitutional rights.

If this action is not supportable under the civil rights acts of the Federal Government, then it must be dismissed for failure to assert a claim on which the district court could grant relief, since there is no diversity of citizenship.

Although counsel for appellant stated he did not consider this a civil rights suit, the complaint made vague and factually unsupported allegations that the civil rights statutes were involved. To the extent that they are, this case is ruled by Dinwiddie v. Brown (Roark v. West), 230 F.2d 465, in which we said:

"Here the only defendants who acted under the color of state law were the state officers who issued process and levied execution in the Dinwiddie case, and we may presume for the sake of argument, did the same in the Roark case. Although both complaints alleged generally that all the defendants conspired to deprive the respective plaintiffs of the equal protection of the laws, there is no allegation that the state officers named therein acted to the plaintiffs' damage in any manner other than in the ordinary performance of their duties. Merely characterizing their conduct as conspiratorial or unlawful does not set out allegations upon which

relief can be granted. Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497; McGuire v. Todd, 5 Cir., 198 F.2d 60; Morgan v. Sylvester, D.C.S.D.N.Y., 125 F.Supp. 380.

"Stripping the complaints of this verbiage, there is left, at most, only the allegations of the obtaining of a fraudulent judgment by private individuals, and the completely extraneous allegation that Texas' segregation laws operate to deprive these plaintiffs of their constitutional rights. The two real property actions in question here had no connection with the enforcement of such laws. Likewise the allegation that as a result of these laws an attitude of white supremacy is fostered, tending to degrade the Negro and make his oath worthless in state court, is totally beside the point because there is no allegation that any Negroes testified in the state actions, on either side, or even that these plaintiffs were in any way prejudiced in these particular actions because of their race. Rather, the allegations appear to have been inserted in each complaint merely to give a state cause of action the appearance of a suit under the civil rights acts. The circumstances that the parties were of different races could not, of course, operate to convert these torts into federal causes of action." 230 F.2d 465, 469.

■ To the extent that the complaint alleges a breach of trust against the defendant, it, of course, does not assert a claim on which relief can be granted in a federal court, even though one of the defendants is a state official. See Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253.

We conclude that the complaint as amended fails to assert a claim of which the district court had jurisdiction, and the judgment of the trial court in dismissing it is affirmed.