RAWLS, Justice.
Appellant-plaintiff Gerhard T. Beck appeals from a summary final judgment entered in favor of appellee-defendant, The Barnett National Bank of Jacksonville.
The defendant bank served as plaintiff’s guardian during a period of time when he was incompetent. Approximately four years after plaintiff’s restoration of competency and three years after defendant bank’s final discharge as guardian, plaintiff filed his complaint alleging negligence on the part of the bank while it was serving as plaintiff’s guardian.
The bank, for affirmative defense, asserted that F.S. § 746.14, F.S.A., operated as a bar to the institution of this action. Plaintiff urges that said statute is not applicable as to matters not actually adjudicated and that the general statute of limitations as provided in F.S. § 95.11(4), F.S.A., should be applied. Pertinent provisions of said statutes are as follows:
Section 746.14 reads, in part:
“Such discharge shall operate as a release from the duties of the guardianship and as a bar to any suit against said guardian or his surety, unless such suit is commenced within one year from the date of the discharge.”
Section 95.11(4):
“Actions * * * can only be commenced as follows: * * *
“(4) Within four years. — Any action for relief not specifically provided for in this chapter.”
The complaint in this cause is clearly founded upon charges of negligence or wilful misconduct or omission on the part of the appellee guardian arising out of the fiduciary relationship existing between the *330 guardian and ward. The allegations do not attempt to establish any cause of action except as to the guardian’s acts or omissions during the period of guardianship. The specific language of F.S. § 746.14, F.S.A., provides that discharge of the guardian shall serve as a bar to any suit against said guardian unless such suit is commenced within one year from the date of the discharge. There is no allegation of fraud, concealment, or other type of allegation that could serve to suspend the commencement of the running of the statute. The trial court was correct in applying F.S. § 746.14, F.S.A., and entering summary final judg-tnent for the defendant.
Affirmed.
CARROLL, DONALD K., Chief Judge, and STURGIS, J., concur.