Virginia Willys LUCOM and Wilson C. Lucom, Appellants,

v.

**ATLANTIC NATIONAL BANK OF WEST PALM BEACH, FLOR- IDA, Appellee.**

No. 21088.

United States Court of Appeals Fifth Circuit.

Dec. 10, 1965.

**52**

Charles M. Trammell, Washington, D. C., for appellants.

Loren D. Simon, Irwin L. Langbein, West Palm Beach, Fla., Herbert S. Sawyer, Miami, Fla., Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for appellee.

Before JONES, WISDOM and GEWIN, Circuit Judges.

JONES, Circuit Judge.

In 1953 the appellant,[1] then a Florida resident, was adjudicated incompetent and restored a few months later. The appellee bank was the guardian of her property during her incompetency. Shortly after her restoration, she re-entered a mental hospital in Philadelphia. It appears her children induced her to Philadelphia without revealing the purpose of the trip. The children then brought a habeas corpus proceeding in a Pennsylvania state court to establish the legality of her confinement, and she was declared "mentally ill" within the meaning of the Pennsylvania Mental Health Act of 1951.[2] An adjudication of "incompetency" would necessarily have been under a different statute.[3] A Florida county court reappointed appellee bank as guardian of appellant's property on the basis of the Pennsylvania judgment. Appellant was restored in New York in 1954. She is now a resident of New York.

Appellant did not appeal the appointment of a guardian but attacked collaterally by contesting the accounting in 1954 and 1955 on the basis that the guardian-

1. Virginia Willys DeLanda. She has since married Wilson C. Lucom, who joins her in this action.

2. "Mental illness" shall mean an illness which so lessens the capacity of a person to use his customary self-control, judgment and discretion in the conduct of his affairs and social relations as to make it necessary or advisable for him to be under care. The term shall include "insanity," "unsoundness of mind," "lunacy," "mental disease," "mental disorder," and all other types of mental cases, but the term shall not include

"mental defectiveness," "epilepsy," "inebriety," or "senility." Pa.P.L. 141, June 12, 1951 § 102(11).

3. "Incompetent" means a person, who, because of mental infirmities of old age, mental illness, mental deficiency, drug addiction or inebriety, is unable to manage his property, or is liable to dissipate it or become the victim of designing persons. It includes a person heretofore declared to be a lunatic, an habitual drunkard, insane or weak-minded. Pa.P.L. 158, June 28, 1951, § 102(3).

ship was invalid for lack of compliance with Florida law. The contest reached the Supreme Court of Florida as Lucom v. Atlantic Nat'l Bank, Fla.1957, 97 So.2d 478, which held the bank and its attorneys entitled to compensation whether or not the guardianship was valid. The court expressly omitted ruling on the validity of the appointment, holding that the bank was at least a guardian de facto and, as such, was entitled to be paid.[4] The accounting was approved and discharge ordered in 1955 but final discharge was delayed by litigation until October 11, 1961.

This case was brought in Federal district court on October 8, 1962, for damages resulting from a taking of property without due process of law by way of the alleged invalid guardianship, alleged disloyal and negligent actions of the guardian, the withholding of appellant's papers, and fraud and conspiracy to accomplish all this. Jurisdiction was grounded on diversity and a claimed Federal question under the Fourteenth Amendment. Summary judgment was entered for the bank on the grounds that the action was barred by limitations and that the Florida adjudications were res judicata or that they collaterally estopped the appellant on all questions except the count for production of papers. The count for production was later dismissed for failure to comply

with orders to specify the documents desired. Four appeals are consolidated here: from the summary judgment; from denial of relief from the summary judgment under Rule 60(b) of the Federal Rules of Civil Procedure on the ground of newly discovered evidence; from the dismissal of the count for production; and from denial of disqualification of one of the bank's attorneys on a claim of conflict of interest.

Florida has two limitation statutes which might be relevant to this matter: Fla.Stat.Ann. § 95.11, which provides a general four-year period and a three-year period for actions for fraud;[5] and Fla. Stat.Ann. § 746.14, which provides that no action may be brought against a guardian more than a year after discharge.[6] Appellant argues that Section 746.14, alone, applies and that, as suit was instituted within a year of final discharge, the action may be maintained. We find the Florida law to be to the contrary.

Insofar as the briefs and our research have disclosed, only one Florida case has considered the interaction of these particular statutes. That case, Beck v. Barnett Nat'l Bank, Fla., 142 So. 2d 329, held that an action commenced more than a year after discharge was barred by Section 746.14 notwithstanding that the period provided by Section

---

4. The same cause reached the Florida Supreme Court again as Lucom v. Potter, Fla.1961, 131 So.2d 724, which settled a controversy as to the amount of attorney's fees.

5. Actions other than those for the recovery of real property can only be commenced as follows:

    \*    \*    \*    \*    \*

    (4) Within four years.—Any action for relief not specifically provided for in this chapter.

    (5) Within three years.—

    \*    \*    \*    \*    \*

    (d) An action for relief on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

    \*    \*    \*    \*    \*

    Fla.Stat.Ann. § 95.11

6. Upon the consideration of the application for discharge and of the objections thereto, if any, and of the evidence, if the county judge is satisfied that the guardian has faithfully and completely discharged his duties and has rendered complete and accurate final returns and has delivered the assets of the ward to the person entitled thereto, the county judge shall enter an order of discharge. Such discharge shall operate as a release from the duties of the guardianship and as a bar to any suit against said guardian or his surety, unless such suit is commenced within one year from the date of the discharge. Fla.Stat.Ann. § 746.- 14.

95.11 had not run since the acts complained of. Neither this holding nor any language in the opinion implies that Section 95.11 cannot bar an action instituted within a year of discharge. On the contrary, Florida cases hold that when two statutes limit the time in which an action may be brought, both apply and the dilatory litigant is caught by whichever runs first.

In Palmquist v. Johnson, Fla.1949, 41 So.2d 313, the Florida Supreme Court held that the owner of the record title to real property under a tax deed was precluded from maintaining a suit for possession by a provision requiring such suit to be brought within four years [7] despite the general statute,[8] amended subsequent to the tax deed statute and so considered as more recent, which would have allowed the suit. It does not appear that the decision turned on one section being a "special" statute and the other being "general," as the appellant contends here, but rather upon the duty of the court to harmonize apparently conflicting statutes.

Similarly, the Florida court, in State v. Haddock, Fla., 149 So.2d 552, considered a statute allowing the probate of a will to be revoked "at any time before discharge" [9] and one requiring petitions for revocation to be filed within six months after a notice required by statute.[10] No irreconcilable conflict was found. As the notice had been given and over six months had elapsed, the suit was barred even though the other section would have allowed it.

Of the cases which have come to our attention, the one most nearly in point is Perry v. Reichert, 113 Fla. 125, 151 So. 403. Suit was brought against an administrator to recover on an account the decedent had owed for just under four years at death. The general, three year statute [11] had run but a special statute [12] stating that debts due from decedents on accounts owing for more than five years at death would be expunged, was argued to be controlling. The court found that the special statute was not intended to allow suits otherwise barred. The same rationale is applicable here to the appellant's argument.

Having determined that either statute might bar the appellant's action, we turn now to the question of the time from which the period began to run under Section 95.11.[13] The appellant contends that the statute does not begin to run until she has accrued a "complete cause of action." If the adjective "complete" is intended to add anything to the meaning of the phrase "cause of action", the law of Florida is otherwise.

In Florida, a cause of action accrues and the statutory limitation period commences when the invasion of a right occurs,[14] if there is notice of the invasion,[15] even though the damages may not materialize until later.[16] The only exceptions appear to be where there is no one to sue so that no action may be brought [17] and where the party at fault fraudulently conceals the invasion of

---

7. Fla.Stat.Ann. § 196.06.

8. Fla.Stat.Ann. § 95.16.

9. Fla.Stat.Ann. § 732.30.

10. Fla.Stat.Ann. § 732.28.

11. Fla.Comp.Gen.Laws § 4663(5) (5) (1927), now Fla.Stat.Ann. § 95.11(5) (e).

12. Fla.Comp.Gen.Laws § 5620 (1927).

13. We do not mean to imply that the time has necessarily not run under § 746.14. As noted by the trial judge, "substantial reasons can be advanced for holding that the one year statute started running no later than the compliance by the defendant with the provisional order on discharge by the County Judge." See Davis v. Combination Awning & Shutter Co., Fla., 62 So.2d 742.

14. Cristiani v. City of Sarasota, Fla.1953, 65 So.2d 878.

15. City of Miami v. Brooks, Fla.1954, 70 So.2d 306.

16. Cristiani v. City of Sarasota, supra.

17. Berger v. Jackson, Fla.1945, 23 So. 2d 265. That all the elements necessary for a successful suit may not be available is insufficient to prevent the

right.[18] The invasions of the appellant's rights, if invasions there were, took place in 1953 when the guardianship was obtained and should have been known to the appellant at that time. In any event, the invasions were known in 1954 when the appellant attacked the accounting of the bank. It is not clear that the statute has been tolled at all in this case [19] but any tolling which may have occurred ceased in 1954 when the appellant was adjudicated competent in New York. The four year statute has long since run on those counts to which it is applicable.

■ Appellant alleges fraud, to which a three year limitation period running from the discovery of the facts constituting the fraud applies. Proof of fraud or fraud as a defense requires a showing of certain elements, without which there is no cause of action.[20] It is doubtful whether these elements have been alleged or proven in this case. In any event, the fraud alleged was incident to the procurement of the guardianship, which was in 1953. While it does not appear that fraud per se was alleged in the collateral attack on the guardianship, virtually all the facts relied upon here as constituting the fraud were asserted in that proceeding. As the facts constituting the fraud were stated, it cannot be said that they had not been discovered. If there was fraud, it has long been barred by the three year statute.

■ Appellant alleges that she has been deprived of the possession of her property without due process of law as required by the Fifth and Fourteenth Amendments. If this is an attempt to state a Federal cause of action, it is in vain. It is well settled that the Fourteenth Amendment is a bar to state action, not individual misconduct. Any reliance on the Civil Rights Act [21] is equally futile as the actions complained of must be done under color of law. Dinwiddle v. Brown, 5th Cir. 1956, 230 F.2d 465, cert. den. 351 U.S. 971, 76 S.Ct. 1041, 100 L.Ed. 1490, reh. den., 352 U.S. 861, 77 S.Ct. 29, 1 L.Ed.2d 72, settles this point. There the "allegation of the obtaining of a fraudulent judgment by private individuals," 230 F.2d at 469, was held to state no cause of action under the Constitution or the Civil Rights Acts.

Since there was no cause of action stated which was not barred by limitation, the summary judgment below was correct.[22]

■ The newly discovered evidence which formed the basis for the motion for relief from the summary judgment under Rule 60(b) is largely cumulative and relates to the same causes of action we find to be barred by limitations. There is no evidence of fraudulent acts such as would prevent the limitation statute for fraud from running as the acts, themselves, have long been known even if it is assumed that the precise part played by each actor was recently discovered. We find no abuse of discretion calling for reversal.

■ The count for production of documents was dismissed for failure to spec-

statute from running. Seaboard Air Line R.R. v. Ford, supra.

18. Metcalf v. Johnson, Fla., 113 So.2d 864. It is the invasion itself which must be concealed, not merely the extent of the invasion or the injury. Compare Buck v. Mouradian, Fla., 100 So.2d 70, cert. den., 104 So.2d 592, with Proctor v. Schomberg, Fla., 63 So.2d 68.

19. See Fla.Stat.Ann. § 95.05; Faulk & Coleman v. Harper, Fla., 62 So.2d 62.

20. See generally, Prosser, Torts, 3d Ed. § 100.

21. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C.A. § 1983.

22. It is unnecessary to decide whether the action is also barred by the prior litigation in the state courts.

ify the documents desired after repeated opportunities to do so. Such action is in the sound discretion of the trial judge, and this discretion was not abused.

Appellant contends that one of the attorneys for the bank acted improperly in defending this action and should have been disqualified for a conflict in interest. There is no merit in this contention. Marco v. Dulles, S.D.N.Y.1959, 169 F.Supp. 622, appeal dis., 268 F.2d 192.

The judgments of the trial court are hereby

Affirmed.