PER CURIAM.
We have before us a direct appeal taken by the State of Florida on the relation of Richard E. Gerstein, a State Attorney, from an Order of the Circuit Court, Dade County, dismissing a complaint directed *55 against appellees for alleged violation of Fla.Stat. § 99.161, F.S.A. In the Order, the Circuit Court held that Fla.Stat. § 99.161(1) (a) (1965), F.S.A., was unconstitutional as violative of the Equal Protection provisions of the State and Federal Constitutions; also, Fla.Stat. § 104.27 (4), F.S.A., providing the penalty for any violation of the statute declared unconstitutional, was struck down as null and void. In our judgment the complaint was properly dismissed, although not for the reasons given below.
It came to the knowledge of the relator that appellees, as corporations and corporate officers operating racing tracks, allegedly contributed a sum in excess of $72,-000.00 to the 1964 and 1966 political campaigns of former Governor Haydon Burns. Under authority of Fla.Stat. § 104.27(10), F.S.A., relator caused a complaint alleging the violations to be filed with the Circuit Court of Dade County. On motion of ap-pellees, the Circuit Court entered the Order now under review, which dismissed the complaint on several grounds.
First, the Circuit Court found that Fla. Stat. § 99.161(1) (a) (1965), F.S.A., the statute directly affecting appellees, was unconstitutional. In pertinent part, this subsection provided that:
“No person holding a horse or dog racing permit * * * nor any officer, director, or supervisory employee of a corporation holding such a permit * * * shall make, directly or indirectly, any contribution of any nature to any political party or for any candidate for nomination for, or election to, political office in the state.”
Starting with the undeniable premise that horse racing, dog racing and the game of jai alai all belonged to that classification of authorized gambling known as pari-mutuel betting operations,[1] the Circuit Court determined that Fla.Stat. § 99.161(1) (a), F.S.A., violated the equal protection mandate by singling out horse and dog racing permitholders while standing mute as to jai alai fronton operators. We are not impressed with this reasoning because jai alai fronton operators are prohibited from making political contributions by the interaction of statutes other than Fla.Stat. § 99.161(1) (a), F.S.A., Chapter 551, Florida Statutes, F.S.A., relating to jai alai frontons, specifies through Sections 551.03 and 551.12 that unless otherwise provided, the provisions of Chapter 550, relating to horse and dog racing, apply to Chapter 551. We find in Chapter 550 that under Fla.Stat. § 550.07, F.S.A.: “It is unlawful for any licensee under this chapter, directly or indirectly, to make any contribution whatsoever to any political party or to any candidate * * Since no contrary language is contained in Chapter 551, it follows that the ban on contributions imposed by Fla.Stat. § 550.07, F.S.A. carries over to jai alai fronton per-mitholders and their officers as well. This being so, the fact that jai alai was not mentioned in Fla.Stat. § 99.161(1) (a) (1965), F.S.A., does not evince a denial of equal protection since the statute did not alter the status quo: all in the classification remained under the political contribution ban notwithstanding passage of the statute. The Circuit Court erred by holding the statute unconstitutional; additionally, it was error for the Court to declare Fla. Stat. § 104.27(4), F.S.A., null and void on the theory that it provided a penalty for an unconstitutional statute.
Second, after making its constitutional ruling, the Circuit Court went on to treat the issue of statutory limitations upon prosecution for the offenses alleged to have occurred. The Court correctly determined that as to appellee Tropical Park and its President-Treasurer, the late Saul *56 Silberman, any action by the State was barred by Fla.Stat. § 99.161(13), F.S.A.: “Prosecution for the violation of any of the provisions of this section may be commenced before, but not after, four years shall have elapsed from the date of the violation.” The last alleged violation concerning these appellees is said to have occurred in 1964, or six years prior to commencement of this action.
But the Court erred by finding that as to appellees Hialeah Race Course, Inc. and its President, Eugene Mori, the applicable statute of limitations had also run. The last alleged contribution made by these appellees is said to have occurred on April 26, 1966, which just falls by a matter of days within the four-year limit set out by Fla.Stat. § 99.161(13), F.S.A. The Circuit Court concluded that the limitation period which controlled was not this statute, but rather Fla.Stat. § 95.11(7) (a), F.S.A., which provided for a one year limit on actions not related to real property when the action was: “An action by the state for a penalty or forefiture under a penal act of the legislature * * Appellees Hialeah and Mori had contended below that since an action under Fla.Stat. § 99.161, F.S.A., by the State could result in revocation of track permits along with fines and possible imprisonment, the limitation on action set out in Fla.Stat. § 95.11(7) (a), F.S.A. could apply. Reasoning then that both Fla.Stat. § 99.161(13), F.S.A. and Fla.Stat. § 95.11(7) (a), F.S.A. could apply, appellees conceived it to be the rule that the shorter statute would apply. The Circuit Court agreed with this theory and, citing as authority Lucom v. Atlantic National Bank of West Palm Beach, 354 F.2d 51 (5th Cir. 1965), it held that any action against appellees Hialeah and Mori was barred by the one year statute of limitations.
We do not agree with this ruling. In Lucom, the federal court briefly noted the following Florida cases concerned with the interaction of conflicting statutes of limitation: Beck v. Barnett National Bank, 142 So.2d 329 (Fla. 1962); Palmquist v. Johnson, 41 So.2d 313 (Fla.1949); State ex rel. Ashby v. Haddock, 149 So.2d 552 (Fla.1963); and Perry v. Reichert, 113 Fla. 125, 151 So. 403 (1933). Among other observations, the federal court said that, “[Fjlorida cases hold that when two statutes limit the time in which an action may be brought, both apply and the dilatory litigant is caught by whichever runs first.” 354 F.2d at 54. As we read these cases, we find that taken together, they stand primarily for the proposition that Florida courts will attempt to harmonize conflicting statutes unless a specific mandate can be divined for choosing one statute over another. Here we readily detect such a mandate. Fla.Stat. § 99.-161(13), F.S.A., permits actions under the Chapter to, “[B]e commenced before, but not after, four years shall have elapsed from the date of the violation.” (Emphasis supplied.) Under Fla.Stat. § 99.183, F. S.A., campaign expense statements are to be kept for not less than four years. The reference to commencement of actions before four years have elapsed, and the requirement that statements be kept for at least that long, signals an obvious legislative intent that Fla.Stat. § 99.161(13), F.S. A., alone is to apply to violations of the Chapter.
But the survival of the alleged April 26, 1966 transaction is not determinative because Fla.Stat. § 99.161(13), F.S.A. is tainted with a fatal fundamental constitutional defect not noted by the Court below. The defect is in its application to Fla.Stat. § 99.161(1) (a), F.S.A., although as to the other provisions in Chapter 99, we find it to be sound. As we have seen, Fla.Stat. § 99.161(1) (a), F.S.A. is deemed to be constitutional because its independent existence does not affect what has already been prohibited to the class of pari-mutuel operations involved here under Chapters *57 550 and 551, Florida Statutes, F.S.A. But nothing in those Chapters refers to limitations of actions; and, therefore, we cannot hold that Fla.Stat. § 99.161 (13)’s, F.S.A. four-year limitation period embraces contribution ban violations committed by jai alai permitholders. Since no limitation period is given under Chapters 550 and 551, actions against jai alai permitholders are governed by the general statute, Fla.Stat. § 95.11(7) (a), F.S.A., limiting actions to one year. This results in a denial of equal protection of the law to those in the same classification without reasonable justification: horse and dog track permitholders being subject to prosecution within four years, and jai alai fronton permitholders bing subject to prosecution only for one year.
The Legislature recently remedied this inequity by passage of Chapter 70-267 (effective July 1, 1970), which brought jai alai frontons into Fla.Stat. § 99.161(1) (a), F.S.A. Once this was done, all in the parimutuel classification became subject to the same four-year period of limitation imposed by Fla.Stat. § 99.161 (13), F.S.A. But before this addition, Fla.Stat. § 99.161(13), F.S.A. was unconstitutional in application to dog and horse track permitholders and their officers, and therefore the general statute, Fla.Stat. § 95.11(7) (a), F.S.A., came into effect and governed the complaint filed on the relation of Mr. Gerstein. The complaint having been filed long after the running of the one year provided by that statute, the Circuit Court correctly dismissed it.
For the foregoing reasons, the Order under appeal is affirmed in part and reversed in part and the dismissal of the complaint is sustained.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.

. Fronton, Inc. v. Fla. State Racing Comm., 82 So.2d 520 (Fla.1955); Rodriguez v. Jones, 64 So.2d 278 (Fla.1953).