DAUKSCH, Judge.
This is an appeal from an order declaring section 849.09, Florida Statutes (1985), unconstitutional as violative of the commerce clause of the United States Constitution.
Appellees advertise and promote the sale of foreign states’ and foreign nations’ lottery tickets. The State of Florida sought an injunction against appellees to prohibit their marketing of the lottery tickets. The complaint alleged that appellees directly solicited Florida consumers through the mail and offered, for a fee, to assist these Florida recipients in purchasing lottery tickets or “shares” in those tickets. Appellees, it is alleged, would also assist in the disbursement of any winnings.
Appellant is the Office of the Attorney General, and, as such, is the proper authority to seek enforcement of the state laws. In its suit appellant alleges a violation of gambling laws and laws prohibiting unfair and deceptive trade practices. §§ 849.09(1) and 501.204(1), Fla.Stat. (1985).
We agree with the well-presented arguments of the assistant attorney general and conclude that section 849.09 is not unconstitutional. We agree that the commerce clause is not unconstitutionally affected by the two criminal statutes allegedly involved here.
Because this state now has a lottery, established after the enactment of the earlier-mentioned criminal statutes, and because of the ever-growing establishment of government-operated gambling enterprises, we suggest that cases such as this will become more necessary as this state seeks to enjoin promotion of other governments’ lotteries in our state. This will be done to keep the lottery-bettors’ money in-state, and to prevent unregulated gambling activities. So we have determined that the question resolved here, the constitutionali *349 ty of the statutes, is of great public importance; we so certify. Appellees can seek discretionary review by our supreme court under Florida Rule of Appellate Procedure 9.030(a)(2)(A)(i) and (v).
ORDER REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
SHARP, C.J., and ORFINGER, J., concur.