542 So.2d 974 (1989)
WINSHARE CLUB OF CANADA, Etc., et al., Petitioners,
v.
DEPARTMENT OF LEGAL Affairs, Respondent.
CANADIAN EXPRESS CLUB, Petitioner,
v.
DEPARTMENT OF LEGAL AFFAIRS, Respondent.
Nos. 72924, 73074.
Supreme Court of Florida.
April 6, 1989.
Rehearing Denied June 5, 1989.
George E. Adams and Gregory F. Reis of Adams, Hill, Fulford & Morgan, Orlando, for Winshare Club of Canada.
David L. Fleming, Pensacola, for Canadian Exp. Club.
Robert A. Butterworth, Atty. Gen., and Nikki Ann Clark, Asst. Atty. Gen., Tallahassee, for respondent.
Thomas A. Bell and Louisa E. Hargrett, Tallahassee, amicus curiae for Florida Dept. of the Lottery.
BARKETT, Justice.
We have for review Department of Legal Affairs v. Winshare Club of Canada, 530 So.2d 348 (Fla. 5th DCA 1988), which found section 849.09, Florida Statutes (1985), to be constitutional and certified a question of great public importance. We phrase the question as follows:
DOES THE COMMERCE CLAUSE[[1]] PROHIBIT FLORIDA FROM INTERFERING WITH THE SALE OF OUT-OF-STATE LOTTERY TICKETS WITHIN ITS BORDERS?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioners advertise and promote the sale of out-of-state and foreign nations' lottery tickets. Because of petitioners' activities in Florida, the attorney general sought an injunction in the circuit court prohibiting their activities. The state alleged violations of sections 849.09 and 501.204(1), Florida Statutes (1985). These statutes *975 respectively prohibit unauthorized lotteries and unfair and deceptive trade practices. The circuit court did not explicitly reach the latter of these statutes. However, it declared unconstitutional as applied section 849.09, on grounds it violated the commerce clause of the United States Constitution.
On appeal, the Fifth District reversed and held that section 849.09 was constitutional in this context. Like the circuit court below, the Fifth District also did not explicitly reach the question of unfair and deceptive trade practices.[2]
We cannot accept the argument advanced by petitioners. The statute they challenge clearly "regulates evenhandedly to effectuate a legitimate local public interest," Pike v. Bruce Church, Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970), since it forbids Florida and out-of-state citizens alike from selling lottery tickets and has only an incidental effect on interstate commerce. Without question, section 849.09 falls within the state's inherent police power because it concerns gambling, a matter of peculiarly local concern that traditionally has been left to the regulation of the states. Rodriguez v. Jones, 64 So.2d 278 (Fla. 1953); Hialeah Race Course v. Gulfstream Park Racing Ass'n, 37 So.2d 692 (Fla. 1948), appeal dismissed, 336 U.S. 948, 69 S.Ct. 885, 93 L.Ed. 1104 (1949).
In addition, this type of legislation is not preempted either by federal legislation or as a matter requiring uniform regulation throughout the United States. Congressional enactments on the interstate sales of lottery tickets clearly contemplate that the states may regulate purely internal lottery ticket sales as they see fit. 18 U.S.C. § 1307 (1987). See United States v. McGuire, 64 F.2d 485 (2d Cir.), cert. denied, 290 U.S. 645, 54 S.Ct. 63, 78 L.Ed. 560 (1933). Moreover, the long-standing, highly disparate gambling laws throughout the United States show that uniformity is not required.
Finally, the very nature of petitioners' business, selling lottery tickets through the mails and across state lines, is unlawful under federal law. 18 U.S.C. §§ 1301-07 (1987). At argument, petitioners conceded that this statute applied to them but argued that they fell within an exception contained in 18 U.S.C. § 1307. By its own terms, this exception applies only "to the transportation or mailing ... to addresses within a State of equipment, tickets, or material concerning a lottery which is conducted by that State acting under the authority of State law." 18 U.S.C. § 1307(b)(1) (1987). Petitioners manifestly do not fall within this exception, and their argument accordingly is tantamount to saying that the commerce clause gives them a right to break the law. This is specious. Accordingly, we answer the certified question in the negative.
The opinion of the district court below is approved.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. I, § 8, U.S. Const. (The Congress shall have power ... To regulate commerce with foreign nations, and among the several States ...").
[2] Accordingly, we do not address any issue arising from section 501.204(1), Florida Statutes.