Aaron **HOLSEY**, Plaintiff,

v.

James P. **CHANDLER**, et al., Defendants.

Civ. A. No. 84–2309.

United States District Court, District of Columbia.

Dec. 6, 1984.

Aaron Holsey, pro se.

Rebecca L. Ross, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Plaintiff, proceeding pro se, filed the instant action under 42 U.S.C. § 1983 in this Court on July 27, 1984. In his complaint, plaintiff alleges that James P. Chandler, a Washington attorney, William K. Slate, the Clerk of the Court of Appeals for the Fourth Circuit, and Dulcey B. Fowler, Senior Staff Counsel of the Fourth Circuit Court of Appeals, "subject[ed] plaintiff to denial of due process." Complaint, 4.

The facts, briefly stated, are as follows:

Defendant Chandler was appointed to represent plaintiff before the United States Court of Appeals for the Fourth Circuit in a civil case entitled *Holsey v. Bass*. Defendant Fowler, as Senior Staff Counsel for the Fourth Circuit, appointed Chandler, and defendant Slate, as the former Clerk[1] of the Fourth Circuit, corresponded with plaintiff regarding the appointment and the progress of the case.

Plaintiff claims that defendants failed to keep him sufficiently informed of the progress of his appeal, failed to notify him of oral argument, and failed to send him copies of briefs in a timely fashion.

Plaintiff further suggests that these alleged shortcomings in the appellate process "denied (sic) Holsey unhindered access to the Courts, as well as to Due Process of law...."[2]

The federal defendants (Fowler, Slate, and Gleacon) have moved to dismiss and

---

1. The current clerk, Mr. John Gleacon, has been substituted in his official capacity pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

2. Plaintiff's Amended Complaint at 3.

defendant Chandler has moved for dismissal, or, in the alternative, for summary judgment. Plaintiff has filed a cross-motion for summary judgment.

The Court has carefully considered the motions of the parties and the record herein and concludes that judgment must be entered for the defendants.

■ At the outset, it appears that the action against the federal defendants in their official capacities must be dismissed because of the absence of a waiver of sovereign immunity. Because plaintiff is seeking a money judgment against the United States, the failure to proceed in accordance with the limited waiver of immunity provided in the Federal Tort Claims Act is fatal to this portion of the claim. *See Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Further, plaintiff's constitutionally-based due process claim against defendant Chandler—a private citizen—must also be dismissed. Chandler's actions in this case were those of private counsel performing a traditional function. The fact that Chandler was appointed to represent the plaintiff does not mean that his acts were "under color of law." *See Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Because plaintiff's complaint against defendant Chandler is a claim of deprivation of constitutional rights, it must be dismissed.

■ Finally, the claims against the federal defendants in their individual capacities must also be dismissed. These defendants are entitled to at least a qualified immunity from damages for acts taken within the scope of their authority. There is absolutely no suggestion that these defendants "violate[d] clearly established constitutional rights of which a reasonable person would have known." *Fitzgerald v. Harlowe,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In fact, the affidavits submitted, as well as the complaint itself, demonstrate conclusively that defendants acted conscientiously and in good faith to aid the plaintiff.

■ This Court also holds that the complaint fails to state a claim upon which relief may be granted, even under the most liberal construction of the pleadings. Accepting the allegations of the complaint as true, there is not any indication of wrongdoing on the part of any federal or state actors. *See Haines v. Kerner,* 404 U.S. 519 (1972) (per curiam). In fact, plaintiff's claim meets—or comes perilously close to meeting—the "frivolous or malicious" standard for dismissal under 28 U.S.C. § 1915(d). *See Gale v. Federal Bureau of Prisons,* 628 F.2d 224 (D.C.Cir.1980).

Plaintiff Holsey's record of abusive and wasteful federal court litigation is well documented and need not be repeated here. *See e.g., Holsey v. Bass,* 519 F.Supp. 395 (D.Md.1981). Judge Watkins' comment on the unlikely prospect of plaintiff Holsey filing a meritorious claim at this point in his career is noted for the record. *See id.* at 415. Nevertheless, the Court has carefully reviewed the factual allegations of the complaint in light of the potential constitutional, statutory, and common law duties of the defendants. The Court finds no violation of any legal duty or responsibility owed to plaintiff. Suffice it to say that appointed appellate counsel's failure to correspond regularly or to invite plaintiff to oral argument does not by any stretch of the imagination rise to the level of a constitutional violation.

Accordingly, it is this 6th day of December, 1984 hereby

ORDERED that:

1) Defendant Chandler's Motion to Dismiss is Granted;

2) Defendants Fowler, Slate, and Gleacon's Motion to Dismiss is Granted;

3) Judgment shall be, and is, entered for the defendants.