Richard RUSSELL, Plaintiff-Appellant,

v.

Sam MILLSAP, Jr., et al., Defendants-Appellees.

Richard RUSSELL, Plaintiff-Appellee,

v.

Sam MILLSAP, Jr., et al., Defendants,

Odis Doyal and James Harrison, Defendants-Appellants.

Nos. 85–2214, 85–2384
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1985.

Richard Russell, pro se.

Patricia McNair, Asst. Crim. Dist. Atty., Civ. Section, San Antonio, Tex., for Millsap, Ryman & Black.

Groce, Locke & Hebdon, John J. Franco, Jr. Sharon E. Callaway, San Antonio, Tex., for Pinckney.

Joseph E. Scuro, Jr., Nicholas & Barrera, San Antonio, Tex., for Doyal & Harrison.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Richard Russell appeals the dismissal of his *pro se* 42 U.S.C. § 1983 suit contesting the validity of a state court order which enjoined, *inter alia,* his use of premises in Bexar County, Texas for purposes of promoting prostitution. Russell named as defendants Sam Millsap, Jr., District Attorney of Bexar County, Michael Black and E. Dickinson Ryman, assistant district attorneys, John Pinckney III, retained defense counsel in the state court proceedings, and Lt. Odis Doyal and Officer James Harrison of the San Antonio Police Department. Russell's appeal bears our docket number 85–2214. In dismissing Russell's complaint as frivolous and totally without merit, the district court awarded costs and attorneys' fees to the defendants. In our docket number 85–2384, claiming insufficiency Doyal and Harrison appeal the attorneys' fees awarded to them. Finding neither error of fact nor law, we affirm the district court in both appeals.

*Facts*

Russell's operations in San Antonio became the focus of both civil and criminal authorities in 1983. He was charged with Aggravated Promotion of Prostitution, a third degree felony under Tex.Penal Code Ann. art. 43.04. At the same time, the State of Texas sought a permanent injunction, restraining massage parlor and prostitution activities which violated Texas law.

A plea bargain was struck by the state and Russell under which Russell entered a plea of *nolo contendere* to the criminal charge, agreed to a permanent injunction

and received a sentence of probation with adjudication deferred. In the consent injunction Russell was ordered to refrain from using, operating, or allowing the operation of the premises at 451 McCarty Road, San Antonio, known as the Paris Modeling Studio, or any other location in Bexar County, for the promotion of prostitution. The permanent injunction was signed by attorneys for the State of Texas, Russell, and the state court on May 18, 1983.

Russell violated the injunction the very next day and he was cited for contempt on May 20, 1983. Continued violations triggered a supplemental motion for contempt on June 10, 1983. On June 24, 1983, Russell was found in contempt. No appeal was taken from that order but continued violations occurred and on August 26, 1983 the state moved for revocation of probation. After an evidentiary hearing, Russell's probation was revoked and he was sentenced to imprisonment for six years and fined $5,000. The revocation was affirmed on appeal by the Texas Court of Appeals for the Fourth Supreme Judicial District. *Russell v. State*, 685 S.W.2d 413 (1985).

Russell filed the instant complaint contending that the injunction invaded his constitutional rights and that the defendants all had a culpable part in its issuance and enforcement. The case was routinely referred to a magistrate, 28 U.S.C. § 636(b)(1)(B), who concluded that the complaint was frivolous. Russell objected to the magistrate's report and sought *de novo* review. The district court conducted this review and dismissed Russell's complaint, finding neither equal protection nor due process violations and further finding that by agreeing to the injunction Russell had waived the opportunity to be heard thereon.

Based on findings that Russell's suit was frivolous, unreasonable, wholly without foundation, and in bad faith, the district court awarded attorneys' fees to counsel for Millsap, Ryman, and Black in the amount of $4,730; to counsel for Doyal and Harrison a like sum; and to counsel for Pinckney, the sum of $4,147.50.

*Analysis*

Russell attacks the permanent injunction which he consented to as part of the plea bargain to avoid imprisonment on the criminal charge. The certain and unequivocal condition, spelled out in the injunction in unmistakeable terms, was that he desist from operating illicit massage parlors and terminate all activities promoting prostitution in Bexar County, Texas. We agree with the district court that Russell's complaint is devoid of merit and does not state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In doing so, we note the obvious.

The three prosecutors were performing typical prosecutorial functions. There is no allegation to the contrary. They enjoy absolute immunity from any claim for civil liability arising out of the performance of these duties. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Sparks v. Duval County Ranch Co.*, 604 F.2d 976 (5th Cir. 1979) (en banc), *aff'd sub nom. Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

There are no factual allegations of any conspiratorial conduct involving the prosecutors and any other defendant. Russell's mere characterization of defendants' conduct "as conspiratorial or unlawful [does] not set out allegations upon which relief can be granted." *Dinwiddie v. Brown*, 230 F.2d 465, 469 (5th Cir.), *cert. denied*, 351 U.S. 971, 76 S.Ct. 29, 100 L.Ed. 1490 (1956).

As Russell's retained counsel, Pinckney was not acting under color of state law, an essential for a § 1983 suit. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *O'Brien v. Colbath*, 465 F.2d 358 (5th Cir.1972). The allegations of conspiracy by Pinckney are, at best, conclusionary and do not state a § 1983 cause of action. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758

(1984); *Arsenaux v. Roberts,* 726 F.2d 1022 (5th Cir.1982).

■ Russell contends that the injunction is unconstitutional. The claim is without merit; a state has authority to regulate professions and businesses which affect the public interest. Such regulations must be rationally related to a legitimate state interest. We have upheld the regulation of massage parlors by Harris County and the City of San Antonio. *Harper v. Lindsay,* 616 F.2d 849 (5th Cir.1980); *Pollard v. Cockrell,* 578 F.2d 1002 (5th Cir.1978).

■ Russell's complaint that he was denied due process is belied by the record. He received notice of the charges, both criminal and civil, he was represented by counsel, and was given an opportunity to be heard before an impartial tribunal. His suggestion that the *nolo* plea and signature on the injunction were "coerced and conspired" is without factual support. Russell's complaint to this court that he did not receive due process in the proceedings conducted by the magistrate and district judge approach as the ludicrous.

### Attorneys' Fees

■ The district court appropriately awarded defendants costs and attorneys' fees. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Schwarz v. Folloder,* 767 F.2d 125 (5th Cir.1985). The court reviewed the claims for attorneys' fees under the *Johnson v. Georgia Highway Express* factors, as underscored in *Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575 (5th Cir. 1980). The rates set by the court and the hours accepted as being necessary for the services required in these proceedings appear fair, just, and reasonable. The court granted the rates requested by all counsel except counsel for Doyal and Harrison, allowing them the highest rate awarded other defense counsel. We perceive no abuse of discretion justifying our intervention. *Davis v. West Community Hosp.,* 755 F.2d

455 (5th Cir.1985); *Lee v. Southern Home Sites,* 429 F.2d 290 (5th Cir.1970).

The judgment of the district court is, in all respects, AFFIRMED.