Merwyn Austin GIPSON,
Plaintiff-Appellant,

v.

Stanley D. ROSENBERG and James D.
Stewart, Defendants-Appellees.

No. 85–2771
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1986.

Rehearing Denied Sept. 22, 1986.

Merwyn Austin Gipson, pro se.

Segal V. Wheatley, John Compere, Stephen E. Walraven, William T. Armstrong, III, Ralph Langley, San Antonio, Tex., for Rosenberg.

Thomas H. Crofts, Sharon E. Callaway, Jack Hebdon, San Antonio, Tex., for Stewart.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In this *pro se* appeal from the district court's judgment dismissing a civil rights action against, among others,[1] two Texas attorneys, Merwyn A. Gipson persists in arguing that the attorneys deprived her of her property in violation of her constitutional rights. Finding this and related claims frivolous, we dismiss the appeal and impose sanctions under Fed.R.Civ.App. 38.

I

Aside from rehashing her pleadings, which consist of primarily conclusional allegations, Gipson does not on appeal expressly challenge the factual findings of the magistrate to whom this action was referred. The findings, which were adopted by the district court, are in part summarized here. In October 1967, Merwyn A. Gipson and her relatives entered into a limited partnership agreement with, among others, attorneys James D. Stewart and Stanley D. Rosenberg. The partnership "engag[ed] in owning real estate in Bexar County, Texas." The Gipson family deeded land to the partnership and received $24,500 as advance profits from the lawyers.

The partnership was supposed to continue until December 1987, but later soured and in 1978 Gipson filed a grievance against the attorneys with the State Bar of Texas. The bar dismissed the grievance in 1979 when it found appellees not guilty of professional misconduct. In 1980, Gipson

---

1. Although the action was filed against at least seventeen other individuals, the district court entered judgment in favor of all defendants. This appeal is taken only as to defendants Rosenberg and Stewart.

filed a *pro se* civil rights class action in federal court, seeking recovery from appellees and the state bar for, *inter alia*, fraud and conspiracy. She specifically sought recovery from appellees "for deprivation of Plaintiffs [sic] civil rights and ... for the illegal acts of [appellees] in appropriating Plaintiffs'[2] private property." This action was dismissed with prejudice as to Gipson's 42 U.S.C. § 1983 claims, and without prejudice as to any state claims.[3]

In 1981, Gipson filed the instant action in federal court, again alleging that Rosenberg and Stewart, among others, contrived to take her property "in violation of [her and her relatives'] federally-protected Constitutional rights ... encouraged by [appellees'] State-authorized licenses...." She alleged a large variety of legal theories under the Constitution, federal civil rights and criminal statutes, and state law.

Appellees moved to dismiss the action for lack of subject matter jurisdiction. They argued that, as Gipson's co-investors who also happened to hold bar licenses, they could not possibly be deemed "state-actors" acting "under color of state law," and that no federal cause of action was stated under any of Gipson's federal claims. The magistrate agreed and disposed of Gipson's federal claims on the merits in a detailed Report and Recommendation. The district court adopted the report and entered judgment dismissing with prejudice all but Gipson's state-law claims, which were dismissed without prejudice.

## II

Because (1) Gipson's federal claims are patently frivolous, and (2) the magistrate painstakingly detailed the baselessness of these claims, it would only further waste judicial resources to repeat all of that analysis here. *See Crain v. Commissioner*, 737 F.2d 1417, 1417–18 (5th Cir.1984) (per curiam). We are furnished with no valid argument demonstrating error in the judgment below.

However, because it is relevant to appellees' motion for sanctions, a brief discussion of the heart of Gipson's federal claim is warranted. As was made clear long before Gipson filed this lawsuit, the argument that the acts of a lawyer are the acts of a state is "fantastic." *Givens v. Moll*, 177 F.2d 765, 767–68 (5th Cir.1949), *cert. denied*, 339 U.S. 964, 70 S.Ct. 999, 94 L.Ed. 1373 (1950); *see also U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 260–61 (5th Cir.1976); *Russell v. Millsap*, 781 F.2d 381, 383–84 (5th Cir.1986). The bar licenses held by appellees neither converted their business dealings with Gipson into state action nor made them state actors within the meaning of § 1983. A liberal construction of Gipson's pleadings suggests no conspiracy exception to this rule. *See Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980) (an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of federal rights). Gipson's conclusory assertions at best go to a conspiracy with other private actors, or, in a more cosmic sense, between the appellees and the Texas Legislature:.

> Plaintiff ... seeks to disclose the state's legislated permissiveness granted to some state citizens which are a representative class; which granted permissiveness by the state allows encroachment into the protected rights of other state citizens which are a representative class of citizens. This, the state imposes the likelihood of violations of protected rights upon a class of its citizens as exposed in the current action before this Court. That, the defendants in this instant action, by availing themselves of this uninhibited legislated permissiveness, trampled plaintiffs' protected rights to the plaintiffs' extensive losses and damages.

*Millsap* reminds civil rights litigants that the "mere characterization of defendants'

---

**2.** Gipson purported to represent her relatives before the district court.

**3.** Also in 1980, Gipson's brother filed a lawsuit in state court against appellees, which Gipson later joined.

conduct 'as conspiratorial or unlawful [does] not set out allegations upon which relief can be granted.'" 781 F.2d at 383 (quoting *Dinwiddie v. Brown,* 230 F.2d 465, 469 (5th Cir.), *cert. denied,* 351 U.S. 971, 76 S.Ct. 1041, 100 L.Ed. 1490 (1956)); *see also Henzel v. Gerstein,* 608 F.2d 654, 659 (5th Cir.1979).

Stewart and Rosenberg move this Court for costs and attorneys fees. 42 U.S.C. § 1988. The motion remains unopposed.

> Section 1988 has been interpreted to provide for the recovery of costs by a prevailing defendant when a plaintiff maintains an unfounded action in bad faith, vexatiously, wantonly or for oppressive reasons. The reasonableness of a plaintiff's claim must be assessed as of the time the suit was filed.

*Holloway v. Walker,* 784 F.2d 1287, 1296 (5th Cir.1986) (citations omitted); *see also Davis v. Mills,* 777 F.2d 1524 (11th Cir. 1985) (per curiam) ("or that the plaintiff continued to litigate after it clearly became [frivolous]") (quoting *Christianburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

Cases in this circuit typically have been found frivolous where the district court has decided a summary disposition motion in the defendant's favor. *See, e.g., Church of Scientology v. Cazares,* 638 F.2d 1272 (5th Cir.1981); *Jones v. Dealers Tractor and Equipment Co.,* 634 F.2d 180 (5th Cir. 1981). Although the appellees did not move the district court to make such findings and award costs, in all other respects this case joins that group. The record shows that, as in her prior similar lawsuit, Gipson failed to provide valid legal support for her claim in response to the defendants' motion to dismiss.

In fact, in contrast to the litigation in *Holloway,* there was no reasonable basis for Gipson's federal claims at the time this action was filed. Furthermore, Gipson continued to litigate these claims after the baselessness of her claims was illuminated by both the parties and the magistrate. The above-excerpted quote from Gipson's objections to the magistrate's report is representative of her litigation. Her brief before this Court consists primarily of state-law fraud and property theories at best, and arguments on her federal claims are little more than "a hodgepodge of unsupported assertions, irrelevant platitudes and legalistic gibberish." *Crain,* 737 F.2d at 1418.

■ Having been defeated on issues long settled against her, and at every point in this case, the time has come for Ms. Gipson to pay the piper. Although it could be argued that Gipson's original complaint might be "sanctioned as the product of lack of legal sophistication," *State of Texas v. Gulf Water Benefaction Co.,* 679 F.2d 85, 87 (5th Cir.1982), in light of the litigational history and prior, adverse court rulings, Gipson, who has demonstrated by legal citation in her pleadings an ability to perform legal research, "cannot be treated as free to advance frivolous claims merely because [she] appear[s] without counsel." *Stelly v. Commissioner,* 761 F.2d 1113, 1116 (5th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985). We therefore grant the appellees' motion by awarding double costs and attorney fees. *See Hagerty v. Succession of Clement,* 749 F.2d 217, 223 (5th Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985).

Unlike the case of *Capps v. Eggers,* 782 F.2d 1341, 1343 (5th Cir.1986), the court is furnished with affidavits showing a reasonable hourly rate for time expended by appellees' attorneys in defending against Gipson's appeal. Therefore, as to attorneys fees, remand to the district court is not necessary, as the award can be " 'based on some showing in the record as to the amount of such damages.' " *Capps,* 782 F.2d at 1343 (citation omitted). However, we direct appellees to remedy a technical defect in their attorney-fee affidavit, as it lacks "contemporaneous time records recording all work for which a fee is claimed...." Local Rule 47.8.1.

AFFIRMED.