**Grant ANDERSON, Plaintiff,**

**v.**

**D.C. PUBLIC DEFENDER SERVICE, et al., Defendants.**

**Civ. A. No. 90–2090–LFO.**

United States District Court, District of Columbia.

Feb. 12, 1991.

Grant Anderson, pro se.

James A. Bensfield and Mary Lou Soller, Miller & Chevalier, Washington, D.C., for defendant Mark Rochon.

---

Mark S. Carlin, Sherman, Meehan & Curtin, P.C., Washington, D.C., for defendant D.C. Public Defender Service.

J. Herbie DiFonzo, Alexandria, Va., pro se.

Stephanie Duncan–Peters, Chaikin & Karp, Washington, D.C., for defendant Avis Buchanan.

Renee F. Hill, Office of Bar Counsel, Washington, D.C.

## MEMORANDUM

OBERDORFER, District Judge.

On September 7, 1988, plaintiff Anderson was convicted in District of Columbia Superior Court of assault with intent to commit rape while armed, two counts of burglary while armed, and one count of resisting a police officer with a dangerous weapon. His complaint in this action names as defendants Avis Buchanan, his trial counsel; Mark Rochon, a colleague of Buchanan's at the D.C. Public Defender Service; the Public Defenders Service; J. Herbie DiFonzo, his appellate counsel; and the Office of Bar Counsel to which Anderson complained about Buchanan and DiFonzo. All four defendants have filed motions to dismiss. Because Anderson has voluntarily dismissed the claims against Rochon and the Public Defenders Service, *see* Order of November 27, 1990, only the motions of Buchanan, DiFonzo, and the Office of Bar Counsel are currently before the Court. For the reasons stated below, an accompanying order will grant these motions and dismiss the complaint.

### I.

Anderson's complaint alleges the following facts:

The plaintiff Grant Anderson (hereinafter Anderson), was arrested on June 22, 1988, and charged with a series of felonies. The defendant Mark Rochon was originally appointed to represent the plaintiff in his criminal case (F7226–88) before the Honorable Judge Reggie Walton. The defendant Rochon originally represented plaintiff, but allowed the defendant, Avis Buchanan, to request appointment to the case.

The case eventually came to trial in July of 1988, in which the plaintiff was still represented by counsel/defendant Avis Buchanan who conducted the preliminary procedures, investigation, and trial.

In August of 1988, the plaintiff was found guilty of all counts of his indictment and sentencing was set for October 27, 1988. The defendant Avis Buchanan represented the plaintiff at the sentencing phase but chose not to speak on behalf of her client.

After sentencing had commenced, the United States Attorney and his contingents falsified the trial transcripts that had been forwarded to appellate courts for review. Complaint ¶ 8.

Anderson further alleges that Buchanan "conspired along with the Government's attorney to deprive plaintiff of effective" assistance of counsel by, *inter alia*, failing to interview witnesses, explore inconsistencies in the testimony presented by the Government, and misquoting evidence in her summation. *Id.* ¶ 12. Anderson also alleges that DiFonzo, who was appointed to represent him on appeal, failed to render effective assistance of counsel. Specifically, DiFonzo failed to pursue the theory that Anderson was intoxicated at the time of the crimes and therefore could not formulate the requisite intent; he also refused to charge that the trial transcripts were falsified. *See id.* ¶ 13.

After his trial, Anderson moved to vacate his sentence on the basis of, *inter alia*, ineffective assistance of trial counsel and inaccuracy of trial transcripts. *See id.* ¶ 9. Although he forwarded his motion to the Public Defenders Office, that office did not investigate Buchanan, thereby contributing, in Anderson's estimation, to "the conspiracy of its attorneys ... to deprive plaintiff of his right to Due Process." *Id.* Anderson also filed a complaint with the Office of Bar Counsel concerning the conduct of Buchanan and DiFonzo, but Bar Counsel failed to conduct a factual investi-

gation "thereby continuing in the criminal conspiracy [against] the plaintiff to deprive him of his rights." *Id.* ¶ 10.

Anderson concludes with a blanket allegation of his conspiracy:

Each defendant acted in concert of one another to hide the continuing conspiracy to maliciously prosecute the plaintiff and to deny him of his First, Fifth, and Fourteenth Amendment Rights through their deliberate indifference, as well as a conspiracy to deprive the plaintiff of relief against a member of the Bar, because each were and are affiliated with one another and each has a professional interest in one another—to preserve each others' integrity at the cost of the plaintiff's freedom and infringement of his Constitutional Rights to redress.

*Id.* ¶ 13.

## II.

It appears from Anderson's jurisdictional allegations that he sues defendants under § 1983. *See id.* ¶ 1. That statute provides in pertinent part that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (1988). It is well-settled that in order to state a claim under § 1983, one must allege not only a violation of constitutional rights, but also that those rights were violated "under color of state law." *See Polk County v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 448, 70 L.Ed.2d 509 (1981). Neither Buchanan nor DiFozno acted under color of state law.

Although Buchanan was employed by the public defenders office, she is not, by virtue of her employment as a public defender, a state actor. *See Briscoe v. La Hue,* 460 U.S. 325, 329, n. 6, 103 S.Ct. 1108, 1112 n. 6, 75 L.Ed.2d 96 (1983); *Polk County v. Dodson,* 454 U.S. at 325, 102 S.Ct. at 453–54. Even though paid by the state, a public defender actually acts in opposition to the state when it attempts to employ its prosecutorial powers. "This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Polk County v. Dodson,* 454 U.S. at 318–19, 102 S.Ct. at 450. As a consequence, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325, 102 S.Ct. at 453 (footnote omitted). Similarly, DiFonzo, who was appointed by the District of Columbia and also compensated by it, does not by virtue of that appointment become a state actor. *See, e.g., Holsey v. Chandler,* 598 F.Supp. 368, 369–70 (D.D.C.1984).

It is nonetheless possible that, if Buchanan and DiFonzo had, as Anderson alleges, conspired with the U.S. Attorney, they could have acted under color of state law. *See Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). For most claims, the mere allegation of a material fact would be enough to defeat a motion to dismiss. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In civil rights complaints, however, there is a heightened pleading standard. *See Hobson v. Wilson,* 737 F.2d 1, 30–31 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). That standard requires more than bare allegations of conspiracy. "[U]nsupported allegations, which fail to specify in detail the factual basis necessary to enable appellees intelligently to prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights." *Id.* at 30 (quoting *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977)). Anderson's conclusory allegations of a conspiracy and of unconstitutional motive are not sufficient to survive summary judgment.

Consequently, Anderson's complaint fails to allege sufficient facts to establish that

Buchanan and DiFonzo acted under color of state law. Accordingly, the claims against them must be dismissed.

## III.

 Anderson's claims against the Office of Bar Counsel must also be dismissed. In the first place, it is unclear how the alleged refusal of the Bar Counsel to discipline Buchanan and DiFonzo could have violated Anderson's rights. On July 31, 1990, the Superior Court independently rejected Anderson's contention that he had had ineffective assistance of counsel. *See United States v. Anderson*, No. F-7226-88 (D.C.Sup.Ct. July 31, 1990). Thus, even if the Bar Counsel had disciplined Anderson, it is doubtful that any violation of his right to Due Process would have been cured. More fundamentally, the Bar Counsel acts as the disciplinary arm of the D.C. Courts. *See* D.C.Rules Ann. Bar Rule XI. Because the task of supervising attorneys who practice in the District of Columbia courts is an essentially judicial function, the Bar Counsel is absolutely immune from attacks upon its decisions to investigate and discipline attorneys. *See Simons v. Bellinger*, 643 F.2d 774, 777–85 (D.C.Cir.1980); *see also id.* at 778–79 (collecting cases from other circuits). Anderson's claims against the Office of Bar Counsel must therefore be dismissed.

## IV.

For the reasons stated above, the accompanying order will grant the motions of defendants Buchanan, DiFonzo, and the Office of Bar Counsel and dismiss the complaint.

## ORDER

For the reasons stated in the accompanying memorandum, it is this 12th of February, 1991 hereby

ORDERED: that Defendant Buchanan's Motion to Dismiss the Complaint should be, and is hereby, granted; and it is further

ORDERED: that Defendant DiFonzo's Motion to Dismiss Pursuant to Rule 12(b),

Fed.R.Civ.P. should be, and is hereby, granted; and it is further

ORDERED: that The Office of Bar Counsel's Motion to Dismiss should be and is hereby granted; and it is further

ORDERED: that the complaint should be, and is hereby dismissed.