12 F.3d 216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marion L. WILLIAMS, Plaintiff-Appellant,
v.
Joe LIVESAY; Sam Blaiss; William C. Gosnell, Defendants-Appellees.
 No. 93-5868.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1993.
 
 1
 Before: JONES and SUHRHEINRICH, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Marion L. Williams, a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights complaint construed as being filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his cryptic complaint, Williams sued his former attorneys who represented him in a bankruptcy proceeding. Williams claimed that the attorneys engaged in deliberate acts which caused him severe physical, emotional, and financial harm. He did not state what type of relief he sought.
 
 
 4
 The defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Williams did not oppose the motions. Subsequently, the district court dismissed the case. After dismissal, Williams made a timely motion to reconsider pursuant to Fed.R.Civ.P. 59(e) and moved to amend his original complaint. The district court denied the motions.
 
 
 5
 In his timely appeal, Williams argues that the defendants violated his Fifth Amendment rights as a result of their representation, that his complaint stated a cause of action, and that the district court's decision was based on the fact that the district court judge, her husband, and the defendants all belong to the same political party.
 
 
 6
 This court reviews the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court properly granted defendants' motions to dismiss because it appears beyond doubt that plaintiff could prove no set of facts which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 7
 Williams does not state a cognizable legal theory against the defendants because a liberal construction of the complaint pursuant to 42 U.S.C. Sec. 1983 shows that the defendants are not considered state actors for purposes of Sec. 1983. See Polk County v. Dodson, 454 U.S. 312, 321 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir.1985), cert. denied, 479 U.S. 826 (1986). Furthermore, Williams has not established judicial bias. See United States v. Story, 716 F.2d 1088, 1090 (6th CIr.1983). The motion to amend was also properly denied. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir.1991).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation