Joan BURT, Plaintiff,

v.

Marion BARRY, et al., Defendant.

Civil Action No. 96–02691.

United States District Court, District of Columbia.

April 14, 1997.

Samuel Cooper, III, Washington, DC, for Joan A. Burt.

Nadine Chandler Wilburn, Office of Corporation Counsel, Washington, DC, for Marion Barry, Peter Wolf, Walter Ridley, John Doe and Jane Doe.

Jeffrey Jerome Hines, Eccleston & Wolf, Washington, DC, Nadine Chandler Wilburn, Office of Corporation Counsel, Washington, DC, for Stefanie L. Schwartz.

### *MEMORANDUM OPINION*

SPORKIN, District Judge.

This matter is before the Court on the motions to dismiss the immediate case submitted by two of the defendants, Ms. Stefanie L. Schwartz, Esquire and the Honorable Peter H. Wolf The Court has considered the motions and the opposition thereto and heard argument on April 4, 1997.

### BACKGROUND

On December 1, 1993, Plaintiff Burt appeared in Superior Court for the District of Columbia as personal representative in an estate matter to answer an Order to Show Cause why she should not be held in contempt for failure to pay a disputed claim on the estate for $25,000. (the "December 1, 1993 Hearing"). The Court had ordered that the disputed claim be paid by Plaintiff Burr on behalf of the estate at a hearing on No-

vember 2, 1993 (the "November 2, 1993 Hearing").

At the December 1, 1993 Hearing, Judge Wolf ordered that Plaintiff Burt use estate funds to pay the disputed claim. Plaintiff Burt stated that the estate account required dual signatures on checks and she could not immediately obtain the second signature. She also claimed that the disputed claim was on appeal and no longer within the jurisdiction of the Superior Court. Plaintiff Burt alleges that Judge Wolf used abusive language toward her during the December 1, 1993 Hearing and ordered that she be held in contempt of Court. Judge Wolf ordered that Plaintiff Burt be incarcerated until she paid the disputed $25,000 claim. Plaintiff Burt was taken into custody by the U.S. Marshals immediately after the December 1, 1993 Hearing and held until she paid the disputed claim on the following day.[1]

The December 1, 1993 Hearing which gave rise to the immediate action was the result of an alleged settlement of a claim which was not paid by Plaintiff Burt in her capacity as Personal Representative of the Estate of E. Josephine Greene (the "Estate"). The claim had been filed in the Superior Court for the District of Columbia, Probate Division, and docketed as Case No. 64-91 (the "Estate Case"). At a pretrial conference for the Estate Case on September 13, 1993 before the Honorable Eugene N. Hamilton, the Estate allegedly offered a $25,000 settlement (the "Settlement") which was accepted by the plaintiff in the Estate Case, Walk–In Medical Center ("Walk–In"), the following day. When the Estate allegedly failed to pay the Settlement, Walk–In filed a Motion to Enforce the Settlement through its counsel, Ms. Stefanie L. Schwartz, Esquire, one of the defendants in the immediate case. A hearing on Ms. Schwartz's motion was set for November 2, 1993.

The Estate Case was transferred to Judge Peter H. Wolf prior to the November 2, 1993 hearing because of Judge Hamilton's appointment as Chief Judge. Nonetheless, Judge Hamilton presided over the November 2, 1993 hearing and granted Ms. Schwartz's Motion to Enforce Settlement. Judge Hamilton directed Plaintiff Burt, as personal representative of the Estate, to pay the $25,000 settlement within three days (the "November 2, 1993 Order"). On November 5, 1993, Ms. Schwartz filed a Motion for Sanctions and for Contempt and for Expedited Adjudication on behalf of Walk–In.

Plaintiff Burt entered a notice of appeal from the November 2, 1993 Order on November 10, 1993.[2] Judge Wolf issued an Order to Show Cause on November 16, 1993 as to why Plaintiff Burr should not be held in criminal and/or civil contempt for failure to comply with the November 2, 1993 Order, and set the December 1, 1993 Hearing. At the December 1, 1993 Hearing, as described above, Judge Wolf held Plaintiff Burt in contempt for her failure to comply with the November 2, 1993 Order of Judge Hamilton. Judge Wolf ordered her incarcerated until the Estate paid the Settlement.

Plaintiff Burt was released the following day after arranging for the Estate to pay the Settlement. After her release, Plaintiff Burt filed two motions on behalf of the Estate, a Motion for Injunctive Relief requesting that Walk–In post a bond pending the appeal of the November 2, 1993 Order, and a Motion for Attorney's Fees. Both of those motions were denied by the Court on June 18, 1994 and Plaintiff Burt appealed the Court's decisions. All appeals from the Estate Case were consolidated by the District of Columbia Court of Appeals, which affirmed all rul-

---

1. Plaintiff's Amended Complaint also alleges that she was "gratuitously brutalized, beaten and subjected to excessive force by Defendants other than Defendants Wolf and Schwartz on or about December 1, 1996" after being taken into custody following the hearing, in violation of the common law and 42 U.S.C. § 1983. Amended Complaint ¶ XIX. In this Memorandum Opinion, the Court does not reach Plaintiff's Complaint against any Defendant other than Wolf, Schwartz and Walter Ridley, the former D.C. Chief of Corrections.

2. Plaintiff also claims to have filed a Motion to Stay Proceedings in the Superior Court, but the transcript of the December 1, 1993 Hearing indicates some uncertainty as to whether or when that motion was filed. If it was filed, it appeared that the motion was filed no earlier than the notice of appeal, on November 10, 1993.

ings of the lower court on July 22, 1993. Plaintiff Burt did not appeal the order entered at the December 1, 1993 Hearing.

Plaintiff Burt filed her Amended Complaint in the immediate case on December 20, 1996. She alleges that the conduct of all Defendants violated 42 U.S.C. § 1983 and the common law, and she seeks declaratory relief (with respect to all Defendants) and damages (with respect to all Defendants except Defendant Schwartz). Plaintiff Burr claims that "improper ex parte contacts and improper communications between Judge Peter Wolf, opposing counsel Stefanie Schwartz, U.S. Marshal John Doe and other persons unknown to Plaintiff [were] part of the unlawful conspiracy ... to deprive Plaintiff here of the federal constitutional right to due process." Amended Complaint ¶ VII. Plaintiff Burt alleges further that Judge Wolf is not protected by judicial immunity in this matter, and that Defendants District of Columbia and Walter Ridley failed to appropriately educate, supervise, train and/or discipline the Defendant correction officers, U.S. Marshals and police officers with whom Plaintiff Burr came in contact after her incarceration on December 1, 1993.

## ANALYSIS

### A. Defendant Schwartz's Motion to Dismiss

#### 1. Defendant Schwartz did not act "under color of state law"

■ In order to state a claim under 42 U.S.C. § 1983, a plaintiff must be able to allege and prove that the defendant "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia ... [deprived]" the plaintiff "of any rights, privileges or immunities secured by the Constitution and law[ ]." 42 U.S.C. § 1983. The first and most fundamental element of a § 1983 claim is that the defendant acted "under the color of state law." *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Courts have uniformly held that attorneys are not engaged in state action merely as a result of their participation in judicial proceedings. *Polk County, supra* (public de-

fender held not to have acted under color of state law); *Russell v. Millsap,* 781 F.2d 381 (5th Cir.1985), *cert. denied,* 479 U.S. 826, 107 S.Ct. 103, 93 L.Ed.2d 53 (1986) (privately retained defense counsel held not to have acted under color of state law); *Anderson v. D.C. Public Defender Service,* 756 F.Supp. 28 (D.D.C.1991).

The D.C. Circuit has held explicitly that attorneys representing clients in court do not engage in state action and are, therefore, not subject to suit under § 1983. *See, McCord v. Bailey,* 636 F.2d 606 (D.C.Cir.1980). In *McCord,* the circuit court affirmed the granting of summary judgment in favor of the defendant, plaintiff's former criminal defense counsel, in a case brought by the former client against his counsel under 42 U.S.C. § 1983. The circuit court noted that "lawyers may be officers of the court, but they are not officers of the state within the meaning of [Section 1983]." 636 F.2d at 608.

Defendant Schwartz was the opposing counsel in the Estate Case, representing Walk–In. Plaintiff Burt claims that Defendant Schwartz "acted in concert with Judge Wolf under color of State law to deny [her] a right to a fair trial by conspiring through ex parte communication to produce a verdict based upon extrajudicial considerations of personal animosity and financial gain ..." Affidavit of Plaintiff in Response to Stefanie L. Schwartz's Motion to Dismiss/Motion for Summary Judgment, ¶ 13. But Defendant Schwartz appeared in Court as privately retained counsel for Estate's adversary, Walk–In. Under such circumstances, as the *McCord* case makes clear, it is a matter of law in this Circuit that Defendant Schwartz was not acting "under color of state law."

#### 2. Defendant Schwartz did not conspire with a "state actor"

■ Federal Rule of Civil Procedure 8(a) requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks." This Circuit subscribes to a heightened pleading standard for § 1983 cases which requires a plaintiff to provide more

than bare allegations. "[U]nsupported allegations which fail to specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights." *Hobson v. Wilson,* 737 F.2d 1, 30 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985).

In this case, Plaintiff Burt advances a single, conclusory allegation of conspiracy against Defendant Schwartz.[3] She appears to have no direct knowledge of any conspiracy and fails to allege any facts in support of a conspiracy. She has not established a basis for Defendant Schwartz to establish a defense, as *Hobson* requires. Plaintiff Burt's single, unsupported allegation of a conspiracy involving Defendant Schwartz and others is so vague that it is insufficient to satisfy even the minimal pleading requirements of Fed. R.Civ.P. 8(a)(2), not to mention the heightened pleading standard required by this Circuit in *Hobson.*

### 3. Plaintiff's opposition to Defendant Schwartz's Motion to Dismiss was not timely

■ The local rules of this Court state that "within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to [a] motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." Rule 108(b) of the Rules of the United States District Court for the District of Columbia. Defendant Schwartz filed her Motion to Dismiss on March 3, 1997 and served the motion on Plaintiff's attorney by mail on the same date. Plaintiff Burt only filed her affidavit in response to Defendant Schwartz's Motion to Dismiss a few hours prior to argument on

Defendant's motion, on April 4, 1997. Her papers were almost three weeks late.

Plaintiff Burt's opposition to Defendant Schwartz's motion to dismiss was not timely. It is fundamentally unfair to expect Defendant Schwartz to respond to opposition papers filed just hours before argument. As an attorney who is also represented by counsel in this matter, Plaintiff Burt should know to adhere more carefully to procedure. The Court will treat the facts and law argued in Defendant Schwartz's motion to dismiss as conceded by Plaintiff Burt, and such treatment provides alternate grounds for dismissal of Plaintiff Burt's claim against Defendant Schwartz.

### A. Judge Wolf's Motion to Dismiss

### 1. Judge Wolf is protected by judicial immunity

■ It is well established that "government officials are entitled to some form of immunity from suits for damages." *Harlow v. Fitzgerald,* 457 U.S. 800, 806, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). In particular, court officers, acting within the scope of their official duties, are immune from prosecution even if the decision rendered was erroneous, malicious, or an egregious error. This broad protection afforded by the doctrine of judicial immunity is well established. *See, Stump v. Sparkman,* 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978) (the scope of a judge's jurisdiction "must be construed broadly where the issue is the immunity of the judge"); *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1976); *Sindram v. Circuit City,* CV # 92–2138, slip. op. at 3, 1992 WL 391359 (D.D.C.1992).

In the immediate case, Judge Wolf is protected from suit under the doctrine of judicial immunity. Plaintiff Burt has brought this

---

3. Plaintiff alleges that Defendant Schwartz participated in a conspiracy to deprive her of her constitutional rights ... "by virtue of a sequence of events of which Plaintiff here does not presently have detailed knowledge, but which Plaintiff now believes and therefore avers included improper ex parte contacts and improper communications between Judge Peter Wolf [and] opposing counsel Stefanie Schwartz ... " Amended

Complaint, ¶ VII. She also alleges that "there was at least on (sic) exparte (sic) conversation between Ms. Schwartz and Judge Wolf on December 1, 1993 during the show cause hearing. I witnessed the exparte (sic) communication but could not hear nor was I allowed to participate in the conversation." Affidavit of Plaintiff in Response to Stefanie L. Schwartz's Motion to Dismiss/Motion for Summary Judgment, ¶ 10.

action as a result of Judge Wolf's alleged conduct during the course of a matter over which he was the presiding judge. While Judge Wolf denies Plaintiff Burt's allegations that he used outrageous and abusive language during the December 1, 1993 Hearing, judicial immunity would still give him broad protection against any such claims.[4]

■ Plaintiff Burt argued orally that Judge Wolf lost judicial immunity when he allegedly lost jurisdiction in the Estate Case. Any such argument has no basis in law.[5]

### 2. Judge Wolf did not participate in a conspiracy

As described above, this Circuit subscribes to a heightened pleading standard for § 1983 cases, requiring a plaintiff to provide more than bare allegations of conspiratorial wrongdoing. *Hobson, supra.*

Plaintiff Burn advances a single, conclusory allegation of conspiracy against Judge Wolf, just as she did against Defendant Schwartz.[6] She again appears to have no knowledge of any conspiracy involving Judge Wolf and fails to allege any facts in support of a conspiracy. Plaintiff Burt's single, unsupported allegation, involving an ex parte conversation between Defendant Schwartz and Judge Wolf, is so vague that it is insufficient to satisfy even the minimal pleading requirements of Fed.R.Civ.P. 8(a)(2). Her allegation of conspiracy involving Judge Wolf certainly falls short of the heightened pleading standard required by *Hobson.*

### 3. Plaintiff Burt's opposition to Judge Wolfs Motion to Dismiss is untimely

As described above, the local rules of court state that opposition to a motion shall be filed "within 11 days of the date of service" of the motion and "if such a memorandum is not filed within the proscribed time, the Court may treat the motion as conceded." Rule 108(b), *supra.* Judge Wolf filed his motion to dismiss in the immediate case on February 20, 1997 and served the motion on Plaintiff's attorney by mail on the same date. Plaintiff Burt only filed her affidavit in response to Judge Wolf's Motion to Dismiss a few hours prior to argument on Defendant's motion, on April 4, 1997. Her papers were over thirty days late.

Plaintiff Burt's opposition to Judge Wolf's motion to dismiss was not timely and it is fundamentally unfair to expect Judge Wolf to respond to opposition papers filed just hours before argument. As the Court has suggested, an attorney such as Plaintiff Burt who is also represented by counsel in this matter should adhere more carefully to procedure. The Court will treat the facts and law argued in Judge Wolf's motion to dismiss as conceded by Plaintiff Burt. The untimeliness of Plaintiff Burt's opposition to Judge Wolf's motion to dismiss establishes an alternate grounds for granting the motion.

### CONCLUSION

Defendant Schwartz's motion to dismiss will be granted since, as a private attorney, she did not act "under color of state law" and

---

4. Plaintiff Burt also alleges that Judge Wolf has demonstrated animosity toward her on several occasions in the past. See, Affidavit of Plaintiff in Response to Judge Peter H. Wolf's Motion to Dismiss, ¶ 3–6. Any such animosity, even if established, would not serve as the basis for trumping Judge Wolf's judicial immunity. What is more, the Court notes that Plaintiff Burt did not appeal the order that Judge Wolf entered at the December 1, 1993 Hearing.

5. Indeed, Plaintiff Burt has not established to the satisfaction of the Court that Judge Wolf had lost jurisdiction at the time of the December 1, 1993 Hearing. Defendant Schwartz submitted a Motion for Sanctions and for Contempt and for Expedited Adjudication on November 5, 1993 and Plaintiff Burt did not give notice of appeal until November 10, 1993.

6. Plaintiff alleges that Judge Wolf also participated in a conspiracy to deprive her of her constitutional rights " ... by virtue of a sequence of events of which Plaintiff here does not presently have detailed knowledge, but which Plaintiff now believes and therefore avers included improper ex parte contacts and improper communications between Judge Peter Wolf [and] opposing counsel Stefanie Schwartz ... "Amended Complaint, ¶ VII. She also alleges that "there was at least on (sic) exparte (sic) conversation between Ms. Schwartz and Judge Wolf on December 1, 1993 during the show cause hearing. I witnessed the exparte (sic) communication but could not hear nor was I allowed to participate in the conversation." Affidavit of Plaintiff in Response to Judge Peter H. Wolf's Motion to Dismiss/Motion for Summary Judgment, ¶ 10.

because Plaintiff Burt failed to allege with sufficient specificity that she conspired with a "state actor." Judge Wolf's motion to dismiss will be granted due to judicial immunity and also because Plaintiff Burt failed to allege any conspiracy with sufficient specificity. The complaint against Walter Ridley, former D.C. Chief of Corrections, will be dismissed by consent of the parties.