IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60279
Summary Calendar
_____

JOE MOHWISH; JOE WHITE,

 Plaintiffs-Appellants,

versus

WALYID MUHAMMAD, formerly known as Willy
Christian; NORMAN BROWN; RODNEY HARRIS;
E. SLUDER; B. EDWARDS; W. RUSH,

 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-91-BrS
_____
January 23, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

 Joe Mohwish and Joe White, federal prisoners, appeal the dismissal of their

civil rights action brought under Bivens v. Six Unknown Named agents of Fed.

Bureau of Narcotics.[1]  The district court construed the defendants' motion to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]403 U.S. 388 (1971).

dismiss, filed after their answer, as a motion for judgment on the pleadings under FED. R. CIV. P. 12(c).[2] Our review is *de novo*.[3]

The plaintiffs have not challenged the trial court's holdings that criminal statutes do not set forth private rights of action or that the defendants cannot be sued in their official capacities. We therefore do not address these issues.[4]

In his briefs, White purports to advance arguments on behalf of Mohwish. Mohwish has not signed White's briefs. Title 28 U.S.C. § 1654 permits parties to plead on their own behalf or to be represented by counsel. White is not an attorney and his arguments on behalf of Mohwish will not be considered.[5]

White first contends that the district court erred in dismissing his action without holding a hearing recommended by the magistrate judge. The record is devoid of a showing that the failure to hold a hearing prevented the presentation of evidence that would have barred a dismissal on the pleadings.

Mohwish maintains that the district court erred in denying his motion to supplement the complaint under FED. R. CIV. P. 15(d). He would add claims against Captain Travis Bragg, who allegedly filed an incident report against him as a consequence of a discovery motion he filed herein. There has been no showing that the district court abused its discretion in denying that motion.[6] Mohwish has not

---

[2]See Jones v. Greninger, 188 F.3d 322 (5th Cir. 1999).

[3]Giddings v. Chandler, 979 F.2d 1104 (5th Cir. 1992).

[4]Brinkmann v. Abner, 813 F.2d 744 (5th Cir. 1987).

[5]Weber v. Garza, 570 F.2d 511(5th Cir. 1978).

[6]Burns v. Exxon Corp., 158 F.3d 336 (5th Cir. 1998).

2

shown that his allegations against Bragg were part of the original causes of action, rather than a new cause of action against a new defendant.[7]

Both White and Mohwish maintain that the district court erred in denying their claims of due process violations because their assertions were made in the context of retaliation. Mohwish advances the same argument with respect to the trial court's holding that he failed to show that defendants Rush and Edwards used excessive force against him in violation of the eighth amendment. The district court analyzed the retaliation claims as separate issues. We find no reversible error in this assessment by the district court.[8]

White contends that the district court erred in dismissing his retaliation claims. To state a claim of retaliation an inmate must allege: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."[9] White has failed to show that the filing of a single incident report against him by Muhammad constituted a retaliatory adverse act.[10] White has also failed to set forth a "chronology of events" that would establish that Sluder filed an adverse incident

---

[7]Compare Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 226-27 (1964).

[8]Brinkmann, 813 F.2d at 748.

[9]Jones, 188 F.3d at 324-25.

[10]E.q., Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986)(" a single incident, involving a minor sanction" is insufficient to prove harassment).

3

report in order to retaliate against him for his participation in a constitutionally protected act.[11]

Mohwish also contends that the district court erred in dismissing his retaliation claims. With respect to defendants Harris, Edwards, and Rush, Mohwish has not detailed a chronology of events which would lead to an inference of retaliation. He has not demonstrated that he was engaged in a constitutionally protected activity in any manner involving any of these defendants.[12] His allegations that the defendants were conspiring against him are conclusional and insufficient to defeat a dismissal under Rule 12.[13] Although Mohwish arguably has set forth a chronology of events that could give rise to an inference that Brown retaliated against him for filing grievances, Brown's single action of filing an incident report against Mohwish is insufficient to support a finding of retaliation.[14]

Mohwish's claims against Muhammad, however, do set forth sufficient allegations to withstand a challenge on the pleadings. He has alleged that Muhammad retaliated against him for filing grievances and for submitting an affidavit to another prison official outlining wrongful acts committed by Muhammad. According to the pleadings, Muhammad found Mohwish guilty of an incident report and told him not to file any more grievances. Muhammad allegedly committed two actions against Mohwish. The chronology gives rise to the inference

---

[11]Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995).

[12]Woods, 60 F.3d at 1166.

[13]Russell v. Millsap, 781 F.2d 381 (5th Cir. 1985).

[14]Gibbs, 779 F.2d at 1046.

that Muhammad's actions were taken to retaliate against Mohwish for engaging in constitutionally protected actions. Consequently, the district court's dismissal of Mohwish's claim of retaliation against Muhammad must be vacated, and that portion of the case must be remanded for further proceedings.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.