**Arvind PATEL, Plaintiff–Appellant,**

v.

**Elliot HEIDELBERGER, Defendant–Appellee.**

**No. 00–3916.**

United States Court of Appeals, Seventh Circuit.

Submitted April 23, 2001.*

Decided April 26, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, and Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

In June 2000 Arvind Patel, an inmate at the Centralia Correctional Center, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the lawyer who represented his ex-wife in their divorce. The district court dismissed Patel's complaint pursuant to 28 U.S.C. § 1915A for failing to state a claim under § 1983 and because the court lacked jurisdiction to hear his state-law complaints regarding his divorce proceedings and his ex-wife's lawyer.

A statutory provision incorporated by the Prison Litigation Reform Act of 1996 ("PLRA") requires district judges to screen prisoner complaints at the earliest possible stage and to dismiss cases that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(b)(1). Patel essentially alleged that his ex-wife's lawyer submitted false documents during divorce and child custody proceedings, and as a result, the court awarded his ex-wife custody of their son as well as a substantial portion of their marital property. In his demand for relief, Patel requested an order from the district court condemning Heidelberger for making false statements and violating Illinois law. He also sought $10 million in punitive damages for his financial, physical and mental suffering resulting from Heidelberger's misstatements.

The district court correctly noted that Patel may not bring a § 1983 claim against a private citizen who is not acting under the color of state law. *Hershinow v. Bonamarte*, 772 F.2d 394, 397 (7th Cir. 1985). Even though attorneys are licensed and regulated under state law, they are not state actors for purposes of § 1983 unless they act in concert with state officials to deprive persons of their constitutional rights. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.1998); *see also DuBose v. Kelly*, 187 F.3d 999, 1003 (8th

Cir.1999); *Gipson v. Rosenberg,* 797 F.2d 224, 225 (5th Cir.1986). And, despite Patel's attempts to argue otherwise, a divorce lawyer's efforts on behalf of his client cannot under any foreseeable set of circumstances be considered state action. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978) (only a state or a private person whose action "may be fairly treated as that of the State itself" deprives him of "an interest encompassed within the Fourteenth Amendment's protection."); *Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir.1998) (former wife's attorneys in divorce case were not state actors for purposes of § 1983).

When a plaintiff's federal law claims fail, courts routinely decline to exercise supplemental jurisdiction over remaining state law claims. *See* 28 U.S.C. § 1367; *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 500–01 (7th Cir.1999). Divorce and domestic relations are areas of the law solely within the province of the state courts, and federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). The district court correctly noted that if Patel was dissatisfied with the outcome of his divorce, his only available remedy was to appeal the decision to the Illinois State Appellate Court.

The judgment of the district court is AFFIRMED.