IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20794
Conference Calendar
_____

RICHARD W. JENNINGS,

                                              Plaintiff-Appellant,

versus

JACQUELINE A. HARVEY; HELEN M. NEWMAN;
MARK H. RODRIQUEZ; WILLIAM D. BARTEE; RICHARD THALER,

                                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3879
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:*

    Richard Jennings, Texas inmate #820776, proceeding pro se
and in forma pauperis ("IFP"), appeals the district court's
dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2) of
his 42 U.S.C. § 1983 complaint.  We review a 28 U.S.C. § 1915
dismissal as frivolous for an abuse of discretion.  Black
v. Warren, 134 F.3d 732, 733 (5th Cir. 1998).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To establish a constitutional violation based on the conditions of confinement, Jennings must show that the defendants acted with deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). He must show that the prison officials were aware of facts from which an inference of an excessive risk to his health or safety could be drawn and that the prison officials actually drew an inference that such potential for harm existed. See Farmer v. Brennan, 511 U.S. 825, 842 (1994).

Jennings has not established that defendants Harvey and Newman acted with deliberate indifference in closing the electronic cell door on his arm. Jennings admitted that the officers were not looking and could not have seen whether anyone was in the way of the closing cell doors. Jennings' allegations indicate that Harvey and Newman did not follow procedure and that they may have acted negligently. These allegations do not establish a constitutional violation under 42 U.S.C. § 1983. Leffall v. Dallas Indep. School Dist., 28 F.3d 521, 525 (5th Cir. 1994); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Jennings also has not established that defendant Bartee was aware of facts from which an inference of a risk to Jennings' safety could be drawn and that Bartee actually drew an inference that the potential for harm existed. Farmer, 511 U.S. at 847. Jennings' allegations against Shift Lieutenant Rodriquez and Warden Thaler based on their positions as supervisors do not establish a constitutional violation. Section 1983, 42 U.S.C.,

does not afford relief for supervisory or respondeat superior liability.  Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987.

Jennings' conclusional allegations are not sufficient to demonstrate a conspiracy.  See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985).  Jennings has abandoned his claims concerning the medical treatment that he received by failing to assert the claims in this court.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  The district court's judgment is AFFIRMED.